# EXHIBIT D



**Joshua H. Sisam**

110 Industrial Drive                    Attorney At Law                    830.428.0333    Office
Boerne, Texas 78006              *Admitted in Tex. and Minn.*              830.331.4044    Facsimile

November 27, 2018

**<u>Via E-Filing</u>**
To District Clerk Norma Favela Barceleau
120th Civil District Court
El Paso County Courthouse
500 E. San Antonio Suite 101
El Paso, Texas 79901

Re: Cause No. 2018DCV4112 Request for Citations

Dear Ms. Barceleau:

    I am writing to request a citation for Defendant Flextronics International USA, Inc., and Defendant Flextronics Automotive USA, LLC,

    Please attach The Original Petition and Jury Demand along with its exhibits to both citations. I would prefer if you **_E-filed or emailed_** these documents back to me, so I can serve them on Defendants Flextronics International USA, Inc. and Defendant Flextronics Automotive USA, LLC. However, if this is not possible, please mail them to **_110 Industrial Drive, Boerne, Texas 78006_**. Please let me know if there is anything else you need to issue these citations.

    Sincerely,

        */s/ Joshua H. Sisam*
        Joshua H. Sisam, *Esq.*

1
Request for Citation

# EXHIBIT E

## CAUSE NO. 2018DCV4112

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A. | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | EL PASO COUNTY, TEXAS |
| | § | |
| INABATA EUROPE GMBH, RECOMAG, FLEXTRONICS | § | |
| INTERNATIONAL USA, INC., FLEXTRONICS | § | |
| AUTOMOTIVE USA, LLC, AND MKG GMBH | § | |
| MONTAGEBAU KARL GLOBEL | § | |
| | § | |
| Defendant. | § | 120TH JUDICIAL DISTICT |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Krystal Jones** who, being by me duly sworn, deposed and said:

"The following came to hand on **Dec 5, 2018, 3:33 pm**,

**CITATION AND ORIGINAL PETITION AND JURY DEMAND,**

and was executed at **1999 BRYAN ST., SUITE 900, DALLAS, TX 75201** within the county of **DALLAS** at 01:45 PM on **Fri, Dec 07 2018**, by delivering a true copy to the within named

**FLEXTRONICS INTERNATIONAL USA, INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM, WHERE THE DOCUMENT WAS ACCEPTED BY TERRI THONGSAVAT, DESIGNATED AGENT FOR SERVICE OF PROCESS**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Krystal Jones**, my date of birth is **1/2/1984**, and my address is **1910 Pacific Avenue, Suite 16700, Dallas, TX 75201**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **DALLAS** County, State of **TX**, on **December 10, 2018.**

Krystal Jones
PSC-10814 Exp. 3/31/19

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **FLEXTRONICS INTERNATIONAL USA, INC.,** who may be served with process at **No Known Address or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Original Petition and Jury Demand at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **120th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 31st day of October, 2018 by Attorney at Law, JOSHUA H. SISAM, 110 INDUSTRIAL DRIVE, BOERNE, TX  78006, in this case numbered **2018DCV4112** on the docket of said court, and styled:

> **GESPA NICARAGUA, S.A.**
> **VS**
> **INABATA EUROPE GMBH, RECOM AG,**
> **FLEXTRONICS INTERNATIONAL USA, INC.,**
> **FLEXTRONICS AUTOMOTIVE USA, LLC, AND**
> **MKG GMBH MONTAGEBAU KARL GLOBEL**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Original Petition and Jury Demand accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 29th day of November, 2018.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Copy from re:SearchTX

# EXHIBIT F

Filed 1/2/2019 3:09 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

120TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| INABATA EUROPE GMBH, RECOM AG, | § | CAUSE NO. 2018DCV4112 |
| FLEXTRONICS INTERNATIONAL USA, | § | |
| INC., FLEXTRONICS AUTOMOTIVE | § | |
| USA, LLC, AND MKG GMBH | § | |
| MONTAGEBAU KARL GLÖBEL | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT FLEXTRONICS AUTOMOTIVE USA (TEXAS), LLC's ORIGINAL ANSWER

Defendant Flextronics Automotive USA (Texas), LLC, incorrectly sued as Flextronics Automotive USA, LLC, files its Original Answer to Plaintiff's Original Petition.

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Flextronics Automotive USA (Texas), LLC generally denies the allegations and claims set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### II.   AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's claims are barred or limited by a failure of a condition precedent to the extent that Plaintiff failed to allege a contract or agreement between Flextronics Automotive USA (Texas), LLC and Plaintiff that would support a breach of contract or unjust enrichment claim.

1

2.      Any claims for punitive or exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code.

3.      Any claim for punitive or exemplary damages cannot be sustained and/or is limited by Flextronics Automotive USA (Texas), LLC's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

### III.      RIGHT TO AMEND

Flextronics Automotive USA (Texas), LLC reserves the right to amend this Answer.

### III.      REQUEST FOR DISCLOSURE

Flextronics Automotive USA (Texas), LLC requests that Plaintiff disclose, within thirty (30) days of service, the materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

### IV.      JURY DEMAND

Flextronics Automotive USA (Texas), LLC respectfully requests a trial by jury of this case and has tendered the appropriate fee.

### V.      PRAYER

Flextronics Automotive USA (Texas), LLC requests that this Court, after trial or final hearing of this case, enter judgment in its favor, that Plaintiff take nothing by reason of this suit, and that the Court grant Flextronics Automotive USA (Texas), LLC its attorney's fees, costs of court and expenses and all other relief to which it is entitled.

Copy from re:SearchTX

Respectfully submitted,

KEMP SMITH LLP

By: */s/ J. Scott Mann*
     J. Scott Mann
     State Bar No. 24002519
     221 N. Kansas, Suite 1700
     El Paso, Texas 79901
     Telephone: 915.533.4424
     Facsimile: 915.546.5360
     scott.mann@kempsmith.com

BAKER BOTTS L.L.P.

     Peter Huston
     (*PHV* forthcoming)
     101 California Street, Suite 3600
     San Francisco, CA 94111
     Telephone: 415.291.6211
     Facsimile: 415.291.6311
     peter.huston@bakerbotts.com

     Matthew B. Allen
     State Bar No. 24073841
     One Shell Plaza
     910 Louisiana Street
     Houston, Texas 77002-4995
     Telephone: 713.229.1103
     Facsimile: 713.229.2803
     matt.allen@bakerbotts.com

ATTORNEYS FOR DEFENDANTS Flextronics
INTERNATIONAL USA, INC., AND FLEXTRONICS
AUTOMOTIVE USA (TEXAS), LLC

3

Copy from re:SearchTX

## **<u>Certificate of Service</u>**

      I certify that on January 2, 2019, a true and correct copy of the foregoing was served on all known counsel of record by the electronic filing system.

*/s/ Matthew B. Allen*  
Matthew B. Allen

4

Copy from re:SearchTX

# EXHIBIT G

Filed 1/2/2019 3:08 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

120TH JUDICAL DISTRICT COURT

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| INABATA EUROPE GMBH, RECOM AG, | § | CAUSE NO. 2018DCV4112 |
| FLEXTRONICS INTERNATIONAL USA, | § | |
| INC., FLEXTRONICS AUTOMOTIVE | § | |
| USA, LLC, AND MKG GMBH | § | |
| MONTAGEBAU KARL GLÖBEL | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT FLEXTRONICS INTERNATIONAL
## USA, INC.'S ORIGINAL ANSWER

Defendant Flextronics International USA, Inc. files its Original Answer to Plaintiff's Original Petition.

## I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Flextronics International USA, Inc. generally denies the allegations and claims set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

## II.    AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's claims are barred or limited by a failure of a condition precedent to the extent that Plaintiff failed to allege a contract or agreement between Flextronics International USA, Inc. and Plaintiff that would support a breach of contract or unjust enrichment claim.

2.    Any claims for punitive or exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code.

1

Copy from re:SearchTX

3.      Any claim for punitive or exemplary damages cannot be sustained and/or is limited by Flextronics International USA, Inc.'s rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

### III.      RIGHT TO AMEND

Flextronics International USA, Inc. reserves the right to amend this Answer.

### III.      REQUEST FOR DISCLOSURE

Flextronics International USA, Inc. requests that Plaintiff disclose, within thirty (30) days of service, the materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

### IV.      JURY DEMAND

Flextronics International USA, Inc. respectfully requests a trial by jury of this case and has tendered the appropriate fee.

### V.      PRAYER

Flextronics International USA, Inc. requests that this Court, after trial or final hearing of this case, enter judgment in its favor, that Plaintiff take nothing by reason of this suit, and that the Court grant Flextronics International USA, Inc. its attorney's fees, costs of court and expenses and all other relief to which it is justly entitled.

Copy from re:SearchTX

Respectfully submitted,

KEMP SMITH LLP

By: */s/ J. Scott Mann*
     J. Scott Mann
     State Bar No. 24002519
     221 N. Kansas, Suite 1700
     El Paso, Texas 79901
     Telephone: 915.533.4424
     Facsimile: 915.546.5360
     scott.mann@kempsmith.com

BAKER BOTTS L.L.P.

     Peter Huston
     (*PHV* forthcoming)
     101 California Street, Suite 3600
     San Francisco, CA 94111
     Telephone: 415.291.6211
     Facsimile: 415.291.6311
     peter.huston@bakerbotts.com

     Matthew B. Allen
     State Bar No. 24073841
     One Shell Plaza
     910 Louisiana Street
     Houston, Texas 77002-4995
     Telephone: 713.229.1103
     Facsimile: 713.229.2803
     matt.allen@bakerbotts.com

ATTORNEYS FOR DEFENDANTS FLEXTRONICS
INTERNATIONAL USA, INC., AND FLEXTRONICS
AUTOMOTIVE USA (TEXAS), LLC

Copy from re:SearchTX

## **Certificate of Service**

I certify that on January 2, 2019, a true and correct copy of the foregoing was served on all known counsel of record by the electronic filing system.

*/s/ Matthew B. Allen*
Matthew B. Allen

Copy from re:SearchTX

# EXHIBIT H

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 17 of 145

Filed 1/8/2019 10:27 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112



**Joshua H. Sisam**
Attorney At Law
*Admitted in Tex. and Minn.*

110 Industrial Drive
Boerne, Texas 78006

830.428.0333   Office
830.331.4044   Facsimile

January 8, 2019

**Via E-Filing**
To District Clerk Norma Favela Barceleau
120th Civil District Court
El Paso County Courthouse
500 E. San Antonio Suite 101
El Paso, Texas 79901

Re: Cause No. 2018DCV4112 Request for Citations

Dear Ms. Barceleau:

I am writing to request a citation for Defendant Inabata Europe GMBH, Defendant Recom AG, and Defendant MKG GMBH Montagebau Karl Glöbel.

Please attach The Original Petition and Jury Demand along with its exhibits to both citations and mail them to ***110 Industrial Drive, Boerne, Texas 78006***. Please let me know if there is anything else you need to issue these citations.

Sincerely,

*/s/ Joshua H. Sisam*
Joshua H. Sisam, *Esq.*

1
Request for Citation

Copy from re:SearchTX

# EXHIBIT I

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **INABATA EUROPE GMBH,** which may be served with process at **No Known Address** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Jury Demand** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **120th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 31st day of October, 2018 by Attorney at Law, JOSHUA H. SISAM, 110 INDUSTRIAL DRIVE, BOERNE, TX  78006, in this case numbered **2018DCV4112** on the docket of said court, and styled:

**GESPA NICARAGUA, S.A.**
**VS**
**INABATA EUROPE GMBH, RECOM AG,**
**FLEXTRONICS INTERNATIONAL USA, INC.,**
**FLEXTRONICS AUTOMOTIVE USA, LLC, AND**
**MKG GMBH MONTAGEBAU KARL GLOBEL**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Jury Demand** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 11th day of January, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: __NORMA FAVELA BARCELEAU__   District Clerk
El Paso County, Texas

By: _____ , Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

# BUNDESSTAAT TEXAS

BEACHRICHTIGUNG AN DEN BEKLAGTEN: „Sie wurden verklagt. Sie dürfen sich einen Anwalt nehmen. Wenn Sie oder Ihr Anwalt nicht bis 10:00 Uhr am auf den Ablauf von zwanzig Tagen nach Zustellung dieser Vorladung und Klageschrift an Sie folgenden Montag eine schriftliche Klagebeantwortung einreichen, adressiert an den Urkundsbeamten, der diese Vorladung an Sie zugestellt hat, dann kann ein Urteil in Abwesenheit gegen Sie gefällt werden."

AN: **INABATA EUROPE GMBH**, wobei diese Vorladung zugestellt werden kann an der folgenden Anschrift: **Keine Bekannte Anschrift**, oder wo die Person anzutreffen ist.

Grüße,

Sie werden hiermit aufgefordert, eine schriftliche Klagebeantwortung der **Ursprünglichen Klageschrift des Klägers und Forderung nach Verhandlung vor einer Jury** bei dem **Bezirksgericht des 120. Bezirks (120th Judicial District Court)**, in El Paso County, Texas, im Gerichtsgebäude des besagten County in El Paso, Texas, einzureichen. Dies muss bis 10:00 Uhr am auf den Ablauf von zwanzig Tagen nach Zustellung dieser Vorladung und Klageschrift an Sie folgenden Montag geschehen.

Die besagte Klageschrift des Klägers wurde bei besagtem Gericht am 31. Tag des Monats Oktober 2018 durch den Rechtsanwalt JOSHUA H. SISAM, 110 INDUSTRIAL DRIVE, BOERNE, TX 78006 eingereicht, mit der Fallnummer **2018DCV4112** auf der Prozessliste des besagten Gerichts und der Bezeichnung:

**GESPA NICARAGUA, S.A.**

**gegen**

**INABATA EUROPE GMBH, RECOM AG,**
**FLEXTRONICS INTERNATIONAL USA, INC.,**
**FLEXTRONICS AUTOMOTIVE USA, LLC UND**
**MKG GMBH MONTAGEBAU KARL GLOBEL [sic]**

Die Natur der Forderung des Klägers wird durch die wahrheitsgetreue und korrekte Kopie der **Ursprünglichen Klageschrift des Klägers und Forderung nach Verhandlung vor einer Jury**, die dieser Vorladung beigefügt wurde und ein Teil davon ist, vollständig angezeigt.

Der Justizbeamte, der dieses Schreiben ausführt, muss dieses laut Gesetz und den dadurch gebotenen Verfügungen umgehend zustellen und ebenfalls laut Gesetz einen ordnungsgemäßen Rückschein überbringen.

Ausgestellt und mit meiner Unterschrift und dem Siegel des besagten Gerichts versehen in El Paso, Texas, am 11. Tag dieses Monats Januar 2019.

JUSTIZBEAMTIN (*CLERK*) DES GERICHTS

**NORMA FAVELA BARCELEAU**

District Clerk (Urkundsbeamte des Bezirksgerichts)
El Paso County Courthouse
500 E. San Antonio Avenue, RM 103
El Paso, Texas 79901



Attest: NORMA [Unleserlich] BARCELEAU      Urkundsbeamte (*District Clerk*) des Bezirksgerichts
El Paso County, Texas

Durch: [Unterschrift]_____ , Stellvertretende Justizbeamtin (*Deputy*)
Clarisa Aguirre

Regel 106: „(...) diese Vorladung wird jedem Beklagten zugestellt, indem der Justizbeamte den Beklagten persönlich eine wahrheitsgetreue Kopie der Klageschrift mit darauf angegebenem Zustellungsdatum und einer beigefügten Kopie der Klageschrift übergibt."

# EXHIBIT J

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 22 of 145

Filed 2/26/2019 2:05 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**120TH JUDICIAL DISTRICT**

| | |
|---|---|
| **Gespa Nicaragua, S.A.** <br><br> **VS** <br><br> **Inabata Europe GMBH, RECOM AG,** <br><br> **Flextronics International USA, Inc.,** <br><br> **Flextronics Automotive USA, LLC, AND** <br><br> **MKG GMBH Montagebau Karl Globel** | **Cause No. 2018DCV4112** |

<u>**ORDER OF COURT SETTING**</u>

The above referenced case is set as follows:

| Hearing Date | Hearing Time | Description |
|---|---|---|
| **March 07, 2019** | **11:00 AM** | **Scheduling/Status Conference** |

Your case may be Dismissed for Want of Prosecution under the Court's inherent power for failure of any party seeking affirmative relief to appear for any Hearing or Trial of which the Party had Notice.

If the above referenced case has already been settled, tried or dismissed, please notify my Court Coordinator Myrna Hernandez, (915) 546-2103 upon receipt of this order.

Signed and Entered on this the 26th day of February, 2019.

_____
**Maria Salas-Mendoza, Judge**

| | |
|---|---|
| Joshua H. Sisam | 830-331-4044 |
| J. Scott Mann | 915-546-5360 |

**\*\*Parties are to notify the court of all filings at 120DcMotionOrders@epcounty.com\*\***

Please give notice to all concerned parties

Copy from re:SearchTX

# EXHIBIT K

Filed 3/11/2019 4:04 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**120TH JUDICIAL DISTRICT**

| | |
|---|---|
| Gespa Nicaragua, S.A. <br><br> VS <br><br> Inabata Europe GMBH, RECOM AG, <br><br> Flextronics International USA, Inc., <br><br> Flextronics Automotive USA, LLC, AND <br><br> MKG GMBH Montagebau Karl Globel | Cause No. 2018DCV4112 |

<u>**ORDER OF COURT SETTING**</u>

The above referenced case is set as follows:

| Hearing Date | Hearing Time | Description |
|---|---|---|
| **May 16, 2019** | **9:00 AM** | **Status Conference** |

Your case may be Dismissed for Want of Prosecution under the Court's inherent power for failure of any party seeking affirmative relief to appear for any Hearing or Trial of which the Party had Notice.

If the above referenced case has already been settled, tried or dismissed, please notify my Court Coordinator Myrna Hernandez, (915) 546-2103 upon receipt of this order.

Signed and Entered on this the 11th day of March, 2019.

_____
**Maria Salas-Mendoza, Judge**

Joshua H. Sisam                    830-331-4044
J. Scott Mann                      915-546-5360

**Parties are to notify the court of all filings at 120DcMotionOrders@epcounty.com**

Please give notice to all concerned parties

Copy from re:SearchTX

# EXHIBIT L

Filed 4/22/2019 4:56 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

120TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| INABATA EUROPE GMBH, RECOM AG, | § | CAUSE NO. 2018DCV4112 |
| FLEXTRONICS INTERNATIONAL USA, | § | |
| INC., FLEXTRONICS AUTOMOTIVE | § | |
| USA, LLC, AND MKG GMBH | § | |
| MONTAGEBAU KARL GLÖBEL | § | |
| | § | |
| Defendants. | § | |

## NON-RESIDENT ATTORNEY PETER HUSTON'S UNOPPOSED SWORN MOTION REQUESTING ADMISSION PRO HAC VICE

Peter Huston, a non-resident attorney representing Defendants Flextronics Automotive USA (Texas), LLC (incorrectly sued as Flextronics Automotive USA, LLC), and Flextronics International USA, Inc. (collectively "Flextronics"), files this Unopposed Sworn Motion Requesting Admission Pro Hac Vice in order to practice in the State of Texas, and would respectfully show the Court the following:

1.      Mr. Huston is a partner with the law firm of Baker Botts L.L.P.  His office address is 101 California Street, Suite 3600, San Francisco, California 94111. His telephone number is (415) 291-6211 and his fax number is (415) 291-6311.

2.      Mr. Huston is associated in the representation of Flextronics in this case with J. Scott Mann. Mr. Mann is a partner with the law firm Kemp Smith L.L.P. and is duly licensed to practice law in the State of Texas. Mr. Mann's office address is 221 N. Kansas, Suite 1700, El Paso, Texas 79901. His telephone number is (915) 533-4424 and his facsimile number is (915) 546-5360. Mr. Mann's Texas State Bar number is 24002519.

Copy from re:SearchTX

3.     Mr. Huston has not sought admission in any proceeding in Texas state court within the past two years.

4.     Mr. Huston is licensed to practice, and is an active member in good standing, in each of the following jurisdictions:

| State/Court | Admission Date |
|---|---|
| California | 12/06/1990 |
| U.S. District Court, Central District of California | 12/14/1990 |
| U.S. District Court, District of Arizona | 11/04/1993 |
| U.S. District Court, Northern District of California | 02/14/1996 |
| U.S. Court of Appeals, Seventh Circuit | 06/28/1996 |
| U.S. Court of Appeals, Fourth Circuit | 02/17/2004 |
| U.S. Court of Appeals, Sixth Circuit | 12/19/2007 |
| U.S. District Court, Eastern District of California | 07/10/2008 |
| U.S. Court of Appeals, Ninth Circuit | 07/07/2017 |
| U.S. District Court, Western District of Texas | 04/19/2018 |
| U.S. Court of Appeals, Fifth Circuit | 07/02/2018 |
| U.S. Court of Appeals, Second Circuit | 10/24/2018 |

5.     Mr. Huston has not been subject of disciplinary action by the Bars of the state or federal courts to which he is admitted during the preceding five years.

6.     Mr. Huston has not been denied admission to any state court or to any federal court during the preceding five years.

7.     Mr. Huston is familiar with the State Bar Act, the Rules of the State Bar of Texas, and the Texas Disciplinary Rules of Professional Conduct, and will at all times abide by and comply with the same as long as this proceeding is pending and he has not withdrawn as counsel therein.

8.     Attached to this motion as Exhibit A is proof of payment made to the Texas Board of Law Examiners as required by section 82.0361 of the Texas Government Code. Attached as Exhibit B is Mr. Huston's affidavit in support of this motion. Attached as Exhibit C is Mr. Mann's affidavit in support of this motion.

Copy from re:SearchTX

WHEREFORE, PREMISES CONSIDERED, Peter Huston prays that this Court grant this Unopposed Sworn Motion Requesting Admission Pro Hac Vice to practice before this Court in the State of Texas as to the above-referenced case.

Respectfully submitted,

KEMP SMITH LLP

By: /s/ J. Scott Mann
    J. Scott Mann
    State Bar No. 24002519
    221 N. Kansas, Suite 1700
    El Paso, Texas 79901
    Telephone: 915.533.4424
    Facsimile: 915.546.5360
    scott.mann@kempsmith.com

BAKER BOTTS L.L.P.

    Peter Huston
    (*PHV* forthcoming)
    101 California Street, Suite 3600
    San Francisco, CA 94111
    Telephone: 415.291.6211
    Facsimile: 415.291.6311
    peter.huston@bakerbotts.com

    Matthew B. Allen
    State Bar No. 24073841
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone: 713.229.1103
    Facsimile: 713.229.2803
    matt.allen@bakerbotts.com

ATTORNEYS FOR DEFENDANTS Flextronics INTERNATIONAL USA, INC., AND FLEXTRONICS AUTOMOTIVE USA (TEXAS), LLC

Copy from re:SearchTX

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 22, 2019, Plaintiff's counsel, Joshua Sisam, confirmed by email that Plaintiff does not oppose the relief requested in this Motion.

*/s/ Matthew B. Allen*
Matthew B. Allen

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2019, a true and correct copy of the foregoing was served on all known counsel of record by the electronic filing system.

*/s/ J. Scott Mann*
J. Scott Mann

Copy from re:SearchTX

# Board of Law Examiners

Appointed by the Supreme Court of Texas

April 18, 2019

Peter K. Huston
Via: E-Mail



Acknowledgment Letter

Non-Resident Attorney Fee

According to Texas Government Code §82.0361, "a nonresident attorney requesting permission to participate in proceedings in a court in this state shall pay a fee of $250 for each case in which the attorney is requesting to participate."

**This Acknowledgement Letter serves as proof that the Board of Law Examiners has received $250 in connection with the following matter:**

>**Non-resident attorney: Peter K. Huston**
>
>**Case: 2018DCV4112**
>
>**Texas court or body: 120th Judicial District Court of El Paso County, Texas**

After satisfying the fee requirement, a non-resident attorney shall file a motion in the Texas court or body in which the non-resident attorney is requesting permission to appear. The motion shall contain the information and statements required by Rule 19(a) of the Rules Governing Admission to the Bar of Texas. The motion must be accompanied by this Acknowledgment Letter and by a motion from a resident practicing Texas attorney that contains the statements required by Rule 19(b).

The decision to grant or deny a non-resident attorney's motion for permission to participate in the proceedings in a particular cause is made by the Texas court or body in which it is filed.

For more information, please see Rule 19 of the Rules Governing Admission to the Bar of Texas and §82.0361, of the Texas Government Code, which can be found on the Board's website.

Signed,

*Susan Henricks*

**Susan Henricks**
**Executive Director**

Copy from re:SearchTX

STATE OF CALIFORNIA             §

COUNTY OF SAN FRANCISCO    §

<u>AFFIDAVIT</u>

   BEFORE ME, the undersigned Notary Public in and for the State of California, on this day personally appeared Peter Huston, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

   1. My name is Peter Huston. I am over the age of 21 years and have personal knowledge of, and am competent and authorized to testify to, the facts set forth herein.

   2. I have read the foregoing Unopposed Sworn Motion of Peter Huston Requesting Admission Pro Hac Vice. The statements and assertions contained therein are true and correct.

            PETER HUSTON



Copy from re:SearchTX

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of San Francisco

On 4/19/19 before me, MICHELLE STEPHENS, NOTARY PUBLIC personally appeared PETER KENDALL HUSTON, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

NOTARY PUBLIC

MICHELLE STEPHENS
Notary Public – California
San Francisco County
Commission # 2232265
My Comm. Expires Mar 1, 2022

(Notary Public Seal)

7

Copy from re:SearchTX

STATE OF TEXAS                    §

COUNTY OF EL PASO            §

<u>AFFIDAVIT</u>

BEFORE ME, the undersigned Notary Public in and for El Paso County, Texas, on this day personally appeared J. Scott Mann, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1.      My name is J. Scott Mann. I am over the age of 21 years and have personal knowledge of, and am competent and authorized to testify to, the facts set forth herein, and they are true and correct.

2.      I am a member in good standing of the State Bar of Texas.  My State Bar number is 24002519.

3.      I find Peter Huston to be a reputable attorney and fully recommend his admission to practice before this Court.

J. SCOTT MANN

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this 22nd day of April, 2019.



FRANCES E. COOPER
Notary Public, State of Texas
My Commission Expires
9/29/19
Notary ID# 1052417-7

Notary Public in and for
the State of Texas
My Commission Expires: 09/29/19



EXHIBIT

C

Copy from re:SearchTX

# EXHIBIT M

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**

**120TH JUDICAL DISTRICT COURT**

| | | |
|---|---|---|
| **GESPA NICARAGUA, S.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **INABATA EUROPE GMBH, RECOM** | § | **CAUSE NO. 2018DCV4112** |
| **AG, FLEXTRONICS INTERNATIONAL** | § | |
| **USA, INC., FLEXTRONICS** | § | |
| **AUTOMOTIVE USA, LLC, AND MKG** | § | |
| **GMBH MONTAGEBAU KARL** | § | |
| **GLÖBEL** | § | |
| **Defendants.** | § | |

**DEFENDANTS FLEXTRONICS AUTOMOTIVE USA (TEXAS),**
**LLC AND FLEXTRONICS INTERNATIONAL USA, INC.'S**
**MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION**

Defendants Flextronics Automotive USA (Texas), LLC (incorrectly sued as Flextronics Automotive USA, LLC), and Flextronics International USA, Inc. (collectively "Flextronics"), file this motion to quash the deposition of "Flextronics International" and would respectfully show the Court as follows:

On April 26, 2019, Plaintiff unilaterally noticed the deposition of "Flextronics International" for May 15, 2019. A copy of the Plaintiff's notice of deposition (the "Notice") is attached here as Exhibit A. Flextronics objects to the Notice and deposition because Plaintiff's counsel noticed the deposition without ever conferring with counsel for Flextronics regarding dates when Flextronics' counsel and a corporate representative would be available. As such, the parties have not agreed on (or even discussed) dates for a deposition of Flextronics.

Texas Rule of Civil Procedure 199.4 provides that "A party or witness may object to the time and place designated for an oral deposition by motion for protective order or by motion to quash the notice of deposition. If the motion is filed by the third business day after service of the

1

Copy from re:SearchTX

notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined." Because this Motion is filed within three (3) business days of the date the notice was served, this Motion automatically stays the deposition pending a hearing on the Motion. *Id.*; *accord Floyd Circle Partners, LLC v. Republic Lloyds*, 2017 WL 3124469, at *3 (Tex. App.—Dallas July 24, 2017, pet. denied) (noting depositions are "automatically quashed pending a hearing" with a timely filed Rule 199.4 motion to quash).

Flextronics also objects to the Notice as vague and ambiguous and because it fails to comply with the Texas Rules of Civil Procedure. Rule 199.2(b)(1) provides that a deposition notice "must state the name of the witness," and "[i]f an organization is named as the witness, the notice must describe with reasonable particularity the matters on which examination is requested." The Notice fails both requirements. First, the Notice names "Flextronics International" as the party to be deposed, but Flextronics International is not a party to this lawsuit. *See* Ex. A at 3. Second, with respect to the matters on which examination is requested, the Notice says only: "Person most knowledgeable about the Source and Origin of the Solar Panels delivered to Nicaragua which are the subject of this Lawsuit." *Id.* Plaintiff's purported topic is vague and ambiguous and does not provide the "reasonable particularity" required under Rule 199.2(b)(1).

Flextronics further objects to the Notice and deposition as premature. Three of the five defendants (Inabata Europe GmbH, Recom AG, and MKG GmbH Montagebau Karl Globel) have not been served with process or made appearances in the lawsuit. Any depositions should be stayed until the named parties have appeared in the lawsuit and have an opportunity to attend the depositions.

Copy from re:SearchTX

For the foregoing reasons, Flextronics respectfully requests that the Court quash Plaintiff's Notice for "Flextronics International," sustain Flextronics' objections to the Notice, and grant all other relief to which Flextronics is entitled.

Respectfully submitted,

KEMP SMITH LLP

By: */s/ J. Scott Mann*
  J. Scott Mann
  State Bar No. 24002519
  221 N. Kansas, Suite 1700
  El Paso, Texas 79901
  Telephone: 915.533.4424
  Facsimile: 915.546.5360
  scott.mann@kempsmith.com

BAKER BOTTS L.L.P.

  Peter Huston
  (*PHV* pending)
  101 California Street, Suite 3600
  San Francisco, CA 94111
  Telephone: 415.291.6211
  Facsimile: 415.291.6311
  peter.huston@bakerbotts.com

  Matthew B. Allen
  State Bar No. 24073841
  One Shell Plaza
  910 Louisiana Street
  Houston, Texas 77002-4995
  Telephone: 713.229.1103
  Facsimile: 713.229.2803
  matt.allen@bakerbotts.com

ATTORNEYS FOR DEFENDANTS FLEXTRONICS INTERNATIONAL USA, INC., AND FLEXTRONICS AUTOMOTIVE USA (TEXAS), LLC

3

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2019, a true and correct copy of the foregoing was served on all known counsel of record by the electronic filing system.


*/s/ Matthew B. Allen*
Matthew B. Allen

4

Copy from re:SearchTX

# EXHIBIT N

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 40 of 145

Filed 5/3/2019 2:33 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**120TH JUDICIAL DISTRICT**

| | |
|---|---|
| **Gespa Nicaragua, S.A.** <br><br> **VS** <br><br> **Inabata Europe GMBH, RECOM AG,** <br> **Flextronics International USA, Inc.,** <br> **Flextronics Automotive USA, LLC, AND** <br> **MKG GMBH Montagebau Karl Globel** | **Cause No. 2018DCV4112** |

## ORDER OF COURT SETTING

The above referenced case is set as follows:

| Hearing Date | Hearing Time | Description |
|---|---|---|
| **May 16, 2019** | **9:00 AM** | **Status Conference** |

Your case may be Dismissed for Want of Prosecution under the Court's inherent power for failure of any party seeking affirmative relief to appear for any Hearing or Trial of which the Party had Notice.

If the above referenced case has already been settled, tried or dismissed, please notify my Court Coordinator Myrna Hernandez, (915) 546-2103 upon receipt of this order.

Signed and Entered on this the 3rd day of May, 2019.

_____
**Maria Salas-Mendoza, Judge**

Joshua H. Sisam                           830-331-4044
J. Scott Mann                              915-546-5360

**\*\*Parties are to notify the court of all filings at 120DcMotionOrders@epcounty.com\*\***

Please give notice to all concerned parties

Copy from re:SearchTX

# EXHIBIT O

El Paso County - 120th District Court
Filed 5/8/2019 3:14 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**

**120ᵀᴴ JUDICIAL DISTRICT COURT**

| | | |
|---|---|---|
| **GESPA NICARAGUA, S.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **INABATA EUROPE GMBH, RECOM** | § | **CAUSE NO. 2018DCV4112** |
| **AG, FLEXTRONICS INTERNATIONAL** | § | |
| **USA, INC., FLEXTRONICS** | § | |
| **AUTOMOTIVE USA, LLC, AND MKG** | § | |
| **GMBH MONTAGEBAU KARL** | § | |
| **GLÖBEL** | § | |
| **Defendants.** | § | |

**DEFENDANTS FLEXTRONICS AUTOMOTIVE USA (TEXAS),
LLC AND FLEXTRONICS INTERNATIONAL USA, INC.'S
<u>SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION</u>**

Pursuant to Texas Rule of Civil Procedure 91, Defendants Flextronics Automotive USA (Texas), LLC (incorrectly sued as Flextronics Automotive USA, LLC), and Flextronics International USA, Inc. (collectively "Flextronics"), raise the following special exceptions and request that the Court dismiss Plaintiff's claims against Flextronics, or require Plaintiff to replead its Petition to cure the pleading defects described below.

**I.      INTRODUCTION**

This lawsuit is nearly identical to a previous lawsuit that Plaintiff filed in the United States District Court for the Western District of Texas asserting the same claims, against the same defendants, based on the same allegations. *See GESPA Nicaragua, S.A. v. Inabata Europe GmbH*, 2018 WL 6220175 (W.D. Tex. July 27, 2018). The court dismissed Plaintiff's lawsuit because Plaintiff's RICO claim was the only basis for federal jurisdiction and the allegations supporting the claim consisted of "mere labels and conclusions" and lacked "facts that would support [Plaintiff's] assertions" and therefore failed to state a claim for relief. *Id.* at *5 (holding

1

Copy from re:SearchTX

that "even under the most favorable reading of its Amended Complaint, Plaintiff has failed to state a RICO claim").

Plaintiff's claims against Flextronics here suffer from the same inadequacies and should also be dismissed. The essence of Plaintiff's Petition is that it contracted with defendant Inabata to purchase Recom solar panels but did not get what it bargained for. It alleges that Flextronics is somehow responsible because Inabata sourced the panels from Flextronics. Plaintiff asserts claims against Flextronics for fraudulent misrepresentation, fraud by omission, conspiracy, unjust enrichment, and breach of contract. As in the previous lawsuit, however, the allegations supporting Plaintiff's claims are mere "labels and conclusions" asserted against the "defendants" generically, and fail to allege any facts or details that support the elements of Plaintiff's claims.

Accordingly, the Petition does not provide the "fair notice" required under Rule 47 of the Texas Rules of Civil Procedure and Plaintiff's claims should be dismissed. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (Rule 47 requires that a petition provide "fair and adequate notice of the facts upon which the pleader bases his claims") (internal quotation marks omitted).

## II. LEGAL STANDARD

Special exceptions are used to point out a "defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations" contained in the excepted-to pleadings. Tex. R. Civ. P. 91. "When a plaintiff's pleading does not give fair and adequate notice of the facts upon which the pleader bases his claim, then the defendant may file special exceptions to obtain a more definite statement of the plaintiff's claim." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 865 (Tex. 2005) (internal quotation marks omitted); *see also Wortham*, 179 S.W.3d at 199 ("fair notice" requires that "the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant"). Additionally, "[a]

2

Copy from re:SearchTX

proper special exception may be used to question the sufficiency in law of the plaintiff's petition." *Gutierrez v. Karl Perry Enters., Inc.*, 874 S.W.2d 103, 105 (Tex. App.—El Paso 1994, no writ); *see also Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96–97 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (negligence claim properly dismissed on special exceptions because it was not recognized under Texas law).

If the pleading defect cannot be cured by amendment, a court may dismiss the case with prejudice without giving the plaintiffs an opportunity to amend. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (dismissing plaintiff's breach of contract claim and granting special exceptions because plaintiff could not have corrected his defects by repleading); *see also Wagner ex rel. Nationwide Mut. Tex. Emps. v. Nationwide Lloyds*, 2008 WL 537484, at *3–4 (Tex. App.—Austin Feb. 27, 2008, no pet.) (mem. op.) (trial court did not err in dismissing plaintiffs' claim with prejudice because plaintiffs "failed to state a cause of action and such defect could not be cured by amending their pleadings"). "A trial court has broad discretion in ruling on special exceptions" and its "ruling will be reversed only upon a showing of abuse of discretion." *Gutierrez*, 874 S.W.2d at 105.

### III.     ARGUMENT

#### A.     First Special Exception: Fraudulent Misrepresentation Claim

Flextronics specially excepts to Plaintiff's fraudulent misrepresentation claim, set forth in paragraphs 58 through 65, because the Petition fails to plead any *facts* to support any elements of a claim against Flextronics and thus fails to provide the requisite fair notice of Plaintiff's claim. *See* Tex. R. Civ. P. 47 (requiring petitions to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved").

"A plaintiff seeking to prevail on a fraud claim must prove that: (1) the defendant made a material misrepresentation; (2) the defendant knew the representation was false or made the

3

Copy from re:SearchTX

representation recklessly without any knowledge of its truth; (3) the defendant made the representation with the intent that the other party would act on that representation or intended to induce the party's reliance on the representation; and (4) the plaintiff suffered an injury by actively and justifiably relying on that representation." *First State Bank of Mesquite v. Bellinger & Dewolf, LLP*, 342 S.W.3d 142, 150 (Tex. App.—El Paso 2011, no pet.). "The Plaintiff must further allege and demonstrate that his reliance on the representation was justifiable under the circumstances of a particular case." *Chico Auto Parts & Serv., Inc. v. Crockett*, 512 S.W.3d 560, 576 (Tex. App.—El Paso 2017, pet. denied).

The Petition does not identify a *single* alleged misrepresentation that Flextronics made to Plaintiff, much less one that (1) Flextronics made with the intent to induce Plaintiff to purchase solar panels from Inabata, and (2) upon which Plaintiff actually and justifiably relied in doing so. To the contrary, the Petition alleges that "Plaintiff and INABATA entered into a Purchase Agreement" based on an agreement that Inabata would "provide short term financing" and that Plaintiff would use "solar panels from [INABATA's] affiliate, Defendant RECOM." Orig. Pet. ¶¶ 18-19. The Petition further alleges that "[r]elying on Defendants INABATA and RECOM to fulfill the agreement" Plaintiff "completed the design, specifications, licensing and permitting of the construction of the project" and "[r]elying on its agreement with INABATA, Plaintiff then entered into an agreement with Defendant MKG to construct and install the *Black Panther* solar panels." *Id.* ¶¶ 20-21. The Petition does not allege that Flextronics orchestrated or was a party to Plaintiff's agreement with Inabata (it was not), or that Flextronics made any representations that induced Plaintiff to enter into the agreement (it did not), or provide any other facts or details that would give Flextronics fair notice of Plaintiff's claim. *See Horizon/CMS Healthcare*, 34 S.W.3d at 897  (Rule 47 requires that a petition provide "fair and adequate notice of the facts upon which

4

Copy from re:SearchTX

the pleader bases his claims" and "information sufficient to enable [the defendant] to prepare a defense") (internal quotation marks omitted).

The only allegations resembling a fraud claim are in paragraphs 58 through 65 and allege that "Defendants" collectively "made false representations to Plaintiff" and "Defendants" collectively "knew or should have known that the representations were false when they made their representations." These boilerplate allegations are directed against all five "Defendants" and simply parrot the elements of a fraud claim. They do not allege facts specific to any one defendant and do not provide fair notice of Plaintiff's claim against Flextronics. In *Holmes v. Acceptance Casualty Insurance Company*, 942 F. Supp. 2d 637, 646–47 (E.D. Tex. 2013), the court analyzed similar allegations as part of a fraudulent joinder analysis and concluded they failed to state a claim under Texas's fair notice pleading standard. The court explained that plaintiff's "allegations are grouped indiscernibly against 'Defendants' and fail to "describe any specific, actionable conduct" and therefore "fail[ ] to meet the liberalized notice pleading standards adopted by Texas state courts." *Id.* at 647–48; *see also Rubalcaba v. Pac./Atl. Crop Exch., Inc.*, 952 S.W.2d 552, 556 (Tex. App.—El Paso 1997, no writ) ("[A]ll the elements of fraud and all facts constituting fraud must be properly pleaded to satisfy an allegation of fraud").

Flextronics requests that the Court dismiss Plaintiff's fraudulent misrepresentation claim, or, alternatively, that the Court order Plaintiff to file an amended petition disclosing the factual basis for each element of its fraudulent misrepresentation claim against Flextronics. *C.f. Owen v. Option One Mortg. Corp.*, 2011 WL 3211081, at *2, 7−8 (Tex. App.—Houston [1st Dist.] July 28, 2011, pet. denied) (mem. op.) (affirming dismissal of fraud claim because plaintiffs failed to amend petition to identify the what, when, and where concerning alleged representations as required by trial court's previous grant of special exceptions).

5

Copy from re:SearchTX

**B.      Second Special Exception: Fraud by Omission Claim**

Flextronics specially excepts to Plaintiff's fraud by omission claim, set forth in paragraphs 66 through 75, for the same reasons discussed above, namely that the Petition fails to allege any facts supporting the elements of a claim against Flextronics and therefore fails to provide fair notice.

"The elements of fraud by omission are (1) the defendant failed to disclose material facts to the plaintiff that the defendant had a duty to disclose; (2) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts; (3) the defendant was deliberately silent when she had a duty to speak; (4) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting; (5) the plaintiff relied on the defendant's nondisclosure; and (6) the plaintiff was injured as a result of acting without that knowledge." *Frankoff v. Norman*, 448 S.W.3d 75, 84 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Importantly, "[t]he failure to disclose information is not actionable unless there is a duty to speak," which "arises in four circumstances: (1) a fiduciary or other special relationship between the parties gives rise to a duty to disclose; (2) new information makes a defendant's earlier representation misleading or untrue; (3) a defendant conveys a false impression by making a partial disclosure; and (4) a defendant who voluntarily discloses information has a duty to disclose the whole truth." *Holland v. Thompson*, 338 S.W.3d 586, 598 (Tex. App.—El Paso 2010, pet. denied); *see also Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001) ("As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information.").

The Petition does not allege any facts supporting a fraud by omission claim against Flextronics. Plaintiff does not allege any agreement between Flextronics and Plaintiff, does not

Copy from re:SearchTX

allege any representation (partial or otherwise) by Flextronics to Plaintiff, and does not allege any other relationship between Flextronics and Plaintiff that would trigger a legal duty to speak. The only allegations in support of Plaintiff's claim are the boilerplate allegations in paragraphs 66 through 75 asserting that "Defendants" collectively "had a duty to disclose the true nature, origin, manufacturer, specifications and characteristics of the panels" and that "Defendants" collectively "concealed from or failed to disclose the truth to the Plaintiff." Orig. Pet. ¶¶ 67-68. These conclusory allegations fail to identify a single fact specific to Flextronics that would support Plaintiff's fraud by omission claim and therefore do not satisfy Rule 47's fair notice requirement. *See Holmes*, 942 F. Supp. 2d at 648 (plaintiff's "claims for fraud, negligence, and breach of contract are generally alleged against 'Defendants,'" and "fail to allege any specific conduct that could support a claim for relief," and therefore do not satisfy Texas's notice pleading standard); *see also Horizon/CMS Healthcare*, 34 S.W.3d at 897 (fair notice requires "notice of the facts upon which the pleader bases his claims") (internal quotation marks omitted).

Flextronics requests that the Court dismiss Plaintiff's fraud by omission claim, or, alternatively, that the Court order Plaintiff to file an amended petition disclosing the factual basis for each element of its claim against Flextronics.

### C.     Third Special Exception: Conspiracy Claim

Flextronics specially excepts to Plaintiff's conspiracy claim, set forth in paragraphs 76 through 75, because the Petition once again fails to allege any facts supporting the elements of Plaintiff's claim against Flextronics and therefore fails to provide fair notice.

A civil conspiracy requires: "(1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the

Copy from re:SearchTX

object or course of action; and (5) damages occur as a proximate result." *MVS Int'l Corp. v. Int'l Advertising Solutions, LLC*, 545 S.W.3d 180, 196 (Tex. App.—El Paso 2017, no pet.). "An actionable civil conspiracy requires specific intent to agree to accomplish something unlawful" which "necessarily requires a meeting of the minds on the object or course of action." *Id.* "The conspiring parties must be aware of the intended harm or proposed wrongful conduct at the outset of the combination or agreement." *Id.*; *see also Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995) ("For a civil conspiracy to arise, the parties must be aware of the harm or wrongful conduct at the inception of the combination or agreement.").

As with Plaintiff's other claims, the Petition's conspiracy allegations are deficient and fail to provide fair notice because they are directed at "Defendants" collectively and do not allege facts specific to Flextronics supporting the elements of a claim. *See* Orig. Pet. ¶¶ 76-84; *see also Horizon/CMS Healthcare*, 34 S.W.3d at 897  (Rule 47 requires that a petition provide "notice of the facts upon which the pleader bases his claims") (internal quotation marks omitted). Indeed, the only allegations specific to Flextronics are in the Petition's "Introduction" and allege the "46,000+ SunEdison panels were intentionally relabeled in FLEX's warehouse in El Paso" and that there was a "clandestine agreement" where "RECOM agreed to '*intermediate*' a deal where FLEX would '*relabel*' the panels and sell them to Inabata for a '*preferential* price.'" Orig. Pet. at 2 (emphases in original). As support, Plaintiff cites the purported "Smoking Gun" agreement between Inabata and Recom, to which Flextronics was not a party. *See* Orig. Pet. at 2 & Ex. 5. That agreement directly contradicts Plaintiff's allegations because it does not say anything about Flextronics relabeling any solar panels. *See* Orig. Pet. Ex. 5. Indeed, neither that agreement, nor anything else in the Petition, allege any facts or details showing that Flextronics (1) had specific intent to do anything unlawful, (2) had a meeting of the minds with the other

Copy from re:SearchTX

defendants and was aware of any intended harm at the outset of any purported agreement, or (3) *was even aware* of Plaintiff's alleged agreement with Inabata or that it allegedly called for "Black Panther" solar panels.

Accordingly, Flextronics requests that the Court either dismiss Plaintiff's conspiracy claim, or, alternatively, that the Court order Plaintiff to file an amended petition disclosing the factual basis for each element of its claim against Flextronics.

### D.      Fourth Special Exception: Unjust Enrichment Claim

Flextronics specially excepts to Plaintiff's unjust enrichment claim, set forth in paragraphs 95 through 99, because the Petition fails to allege facts supporting the elements of a claim and because the claim is deficient as a matter of law based on Plaintiff's own allegations.

Unjust enrichment is an equitable claim based on quasi-contract. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683 (Tex. 2000). "The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." *Burlington N. R.R. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998). "Unjust enrichment is typically found under circumstances in which one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage" and "is also appropriate when a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons." *Id.* As the El Paso Court of Appeals has explained, "there can be no recovery under a quasi-contract theory when a valid, express contract covers the subject matter of the parties' dispute" because "[w]hen a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Alfiji, S.A. de C.V. v. Woodal*, 280 S.W.3d 897, 900 (Tex. App—El Paso 2009, no pet.); *see also Fortune Prod.*

9

Copy from re:SearchTX

*Co.*, 52 S.W.3d at 684 (when an "express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory");

Plaintiff's unjust enrichment allegations are deficient for two reasons. First, the Petition fails to allege facts showing any "dealings" between Plaintiff and Flextronics that could serve as a basis for an unjust enrichment claim. *See Burlington N. R.R.*, 925 S.W.2d at 97 (unjust enrichment is intended to "place an aggrieved plaintiff in the position he occupied prior to his dealings with defendant"). As discussed above, Plaintiff has not alleged that Flextronics (1) made any misrepresentations to, or even had any contact with, Plaintiff, (2) orchestrated, was a party to, or was even aware of Plaintiff's contract with Inabata, or (3) that Flextronics had any agreement (valid or otherwise) with Plaintiff regarding the solar panels.

Second, the Petition plainly alleges that Plaintiff entered into a contract with Inabata for the purchase of the solar panels, which precludes an unjust enrichment claim as a matter of law. *See Raven Res., LLC v. Legacy Reserves Operating, LP*, 363 S.W.3d 865, 871 (Tex. App.— Eastland 2012, pet. denied) ("[T]here can be no recovery for unjust enrichment when an express contract covers the subject matter of the dispute"); *see also* Orig. Pet. ¶ 17 ("Plaintiff entered into a contract with INABATA to purchase the **46,000** '*Black Panther*' solar panels and the related components required for the solar facility" (emphases in original)); *id.* ¶ 19 ("Plaintiff and INABATA entered into a Purchase Agreement, which very specifically designated that the solar panels be delivered as *Black Panther* panels.") (emphasis in original).

Because Plaintiff's unjust enrichment claim against Flextronics fails as a matter of law based on Plaintiff's own allegations, Flextronics requests that the Court dismiss the claim with prejudice.

10

Copy from re:SearchTX

### E.     Fifth Special Exception: Breach of Contract Claim

Flextronics specially excepts to Plaintiff's breach of contract claim, set forth on paragraphs 100 through 102, because the Petition fails to allege facts showing the existence of a contract between Flextronics and Plaintiff, or any other elements of a breach of contract claim.

To establish a breach of contract, Texas law requires: (1) the existence of a valid contract between the plaintiff and the defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage was a result of the breach. *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.). To adequately plead the third element, a plaintiff must state "the substance of the contract which supports the pleader's right to recover." *Cadle Co. v. Castle*, 913 S.W.2d 627, 630–31 (Tex. App.—Dallas 1995, writ denied); *see also Villarreal v. Art Inst. of Houston, Inc.*, 20 S.W.3d 792, 798 (Tex. App.—Corpus Christi 2000, no pet.) (explaining that a breach of contract plaintiff "must prove the existence of a valid contract wherein the defendant promised to perform in the manner the plaintiff alleges he failed to perform").

The Petition does not allege any facts showing a contract between Plaintiff and Flextronics, much less the terms of any purported contract or Flextronics' breach thereof. Paragraph 100 of the Petition alleges only that "*If the court finds the existence* of a contract between the parties," then "Plaintiff materially complied with the terms of the agreements" and "Defendants" collectively "failed to perform their obligations under the contract(s), by failing to provide *Black Panther* panels." Orig. Pet. ¶ 100 (first emphasis added). These conclusory allegations do not even attempt to allege a contract between Plaintiff and Flextronics, much less provide any facts or details that allow Flextronics to ascertain the factual basis for Plaintiff's claim. Furthermore, the Petition itself alleges that Plaintiff contracted with Inabata for the

11

Copy from re:SearchTX

purchase of solar panels, not Flextronics. *See* Orig. Pet. ¶ 17 ("In order to meet the Project objectives, Plaintiff entered into a contract with INABATA to purchase the **46,000** "*Black Panther*" solar panels and the related components required for the solar facility."); *see also id.* ¶ 19 ("Plaintiff and INABATA entered into a Purchase Agreement, which very specifically designated that the solar panels be delivered as *Black Panther* panels.").

Without any allegations of a contract, Flextronics is unable to ascertain the basis for Plaintiff's breach of contract claim. Accordingly, Flextronics requests that the Court dismiss Plaintiff's breach of contract claim, or, alternatively, that the Court order Plaintiff to file an amended petition identifying the purported contract between Plaintiff and Flextronics, the terms of the contract, Plaintiff's performance under the contract, and Flextronics' alleged breach thereof.

## IV.   CONCLUSION

For the foregoing reasons, Flextronics requests that the Court sustain Flextronics' special exceptions to Plaintiff's Original Petition and dismiss Plaintiff's claims for fraudulent misrepresentation, fraud by omission, conspiracy, unjust enrichment, and breach of contract. Alternatively, Flextronics requests that the Court order Plaintiff to file an amended petition curing each of the pleading defects identified above.

12

Copy from re:SearchTX

Respectfully submitted,

KEMP SMITH LLP

By: */s/ J. Scott Mann*　　　　　　　　　　　
    J. Scott Mann
    State Bar No. 24002519
    221 N. Kansas, Suite 1700
    El Paso, Texas 79901
    Telephone: 915.533.4424
    Facsimile: 915.546.5360
    scott.mann@kempsmith.com

BAKER BOTTS L.L.P.

    Peter Huston
    (*PHV* pending)
    101 California Street, Suite 3600
    San Francisco, CA 94111
    Telephone: 415.291.6211
    Facsimile: 415.291.6311
    peter.huston@bakerbotts.com

    Matthew B. Allen
    State Bar No. 24073841
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone: 713.229.1103
    Facsimile: 713.229.2803
    matt.allen@bakerbotts.com

ATTORNEYS FOR DEFENDANTS FLEXTRONICS
INTERNATIONAL USA, INC., AND FLEXTRONICS
AUTOMOTIVE USA (TEXAS), LLC

13

Copy from re:SearchTX

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 3, 2019, I sent an email to Plaintiff's counsel Joshua Sisam at josh@sisam.com explaining that the Flextronics defendants planned to file special exceptions to Plaintiff's Original Petition no later than May 8, 2019, and asking Mr. Sisam to provide dates and times when he was available to meet and confer. As of the date of this filing, Mr. Sisam has not responded to that May 3, 2019 email.

*/s/ Matthew B. Allen*
Matthew B. Allen

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2019, a true and correct copy of the foregoing was served on all known counsel of record by the electronic filing system.

*/s/ Matthew B. Allen*
Matthew B. Allen

14

Copy from re:SearchTX

# EXHIBIT P

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

120TH JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| INABATA EUROPE GMBH, RECOM AG, | § | CAUSE NO. 2018DCV4112 |
| FLEXTRONICS INTERNATIONAL USA, | § | |
| INC., FLEXTRONICS AUTOMOTIVE | § | |
| USA, LLC, AND MKG GMBH | § | |
| MONTAGEBAU KARL GLÖBEL | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING UNOPPOSED MOTION
### REQUESTING ADMISSION PRO HAC VICE

On this day, the Court considered the Non-Resident Attorney Peter Huston's Unopposed Sworn Motion Requesting Admission Pro Hac Vice and after having considered same, the Court is of the opinion that the Motion should be GRANTED.

It is therefore ORDERED AND ADJUDGED that Peter Huston, a non-resident attorney, is admitted Pro Hac Vice to practice in the State of Texas and before this Court in conjunction with the above-referenced case.

SIGNED AND ENTERED this _16th_ day of ___May___, 2019.

_____
JUDGE PRESIDING

Approved As to
Form and Substance
Atty for Plaintiff
Joshua Sison

_____
Atty for Defendant

Active 40351725.1                              1

Copy from re:SearchTX

# EXHIBIT Q

Filed 5/17/2019 11:40 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
120TH JUDICIAL DISTRICT**

| | |
|---|---|
| Gespa Nicaragua, S.A.<br><br>VS<br><br>Inabata Europe GMBH, RECOM AG,<br><br>Flextronics International USA, Inc.,<br><br>Flextronics Automotive USA, LLC, AND<br><br>MKG GMBH Montagebau Karl Globel | Cause No. 2018DCV4112 |

<u>**ORDER OF COURT SETTING**</u>

The above referenced case is set as follows:

| Hearing Date | Hearing Time | Description |
|---|---|---|
| **June 18, 2019** | **10:00 AM** | **Status Conference** |

Your case may be Dismissed for Want of Prosecution under the Court's inherent power for failure of any party seeking affirmative relief to appear for any Hearing or Trial of which the Party had Notice.

If the above referenced case has already been settled, tried or dismissed, please notify my Court Coordinator Myrna Hernandez, (915) 546-2103 upon receipt of this order.

Signed and Entered on this the 17th day of May, 2019.

_____
**Maria Salas-Mendoza, Judge**

Joshua H. Sisam                          830-331-4044
J. Scott Mann                            915-546-5360

**\*\*Parties are to notify the court of all filings at 120DcMotionOrders@epcounty.com\*\***

Please give notice to all concerned parties

Copy from re:SearchTX

Please give notice to all concerned parties

Copy from re:SearchTX

# EXHIBIT R

El Paso County - 120th District Court
Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 62 of 145
Filed 5/20/2019 1:38 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

CAUSE NO. 2018-DCV-4112

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | EL PASO, TEXAS |
| | § | |
| INABATA EUROPE GMBH, RECOM | § | |
| AG, FLEXTRONICS INTERNATIONAL | § | |
| USA, INC., FLEXTRONICS | § | 120th JUDICIAL DISTRICT |
| AUTOMOTIVE USA, LLC, AND MKG | § | |
| GMBH MONTAGEBAU KARL GLÖBEL | § | |
| | § | |
| *Defendants* | § | |
| | § | |
| | § | |

## DEFENDANT MKG GMBH MONTAGEBAU KARL GLÖBEL'S
## SPECIAL APPEARANCE AND, SUBJECT THERETO, ORIGINAL ANSWER

Pursuant to the Texas Rules of Civil Procedure, Defendant, MKG GMBH
MONTAGEBAU KARL GLÖBEL ("MKG") files its Special Appearance ("Special
Appearance") and, subject to its Special Appearance, its Answer as follows:

### I. Special Appearance

In accordance with Rule 120a of the Texas Rules of Civil Procedure, MKG makes its
Special Appearance for the purpose of objecting to the jurisdiction of the Court over its person
and property on the grounds that it is not amenable to process issued by the courts of this state. In
particular:

(a)    MKG is neither formed or incorporated in, nor a resident of, the State of Texas
and is not required to maintain, and does not maintain, a registered agent for service within the
State of Texas. Rather, MKG is a German company with limited liability duly incorporated and
headquartered in Germany. *See* Declaration and Verification in Support of Defendant, MKG
GmbH Montagebau Karl Goebel's, Motion to Dismiss for Lack of Subject Matter Jurisdiction

Copy from re:SearchTX

and Lack of Personal Jurisdiction ("Declaration") attached hereto as Exhibit 1, ¶ 3, and Plaintiff GESPA Nicaragua, S.A.'s Original Petition and Jury Demand ("Petition") ¶ 7

(b)     MKG does not now engage and has never engaged in or conducted business with any person or entity in the State of Texas.  See Declaration ¶ 4

(c)     MKG has never directed any advertising activities to the State of Texas.  See Declaration ¶ 4

(d)     MKG does not now and has never solicited business in the State of Texas.  See Declaration ¶ 4

(e)     MKG does not design products or services specifically for the Texas marketplace. See Declaration ¶ 5

(f)     MKG does not now and has never had any employees or agents in the State of Texas.  See Declaration ¶6

(g)     MKG does not now and has never had any offices in the State of Texas.  See Declaration ¶ 7

(h)     MKG does not now and has never owned real property in the State of Texas.  See Declaration ¶ 8

(i)     No officer or director of MKG is a citizen, resident or domiciliary of the State of Texas and none own real estate in the State of Texas.  See Declaration ¶ 9

(j)     All of the alleged acts and omissions of MKG related to this lawsuit took place outside of the State of Texas.  See Declaration ¶ 10, and Petition, I. Introduction (All allegations relate to "a solar park near Puerto Sandino, Nicaragua" (the "Project" and/or "site"))

(k)     The Petition alleges that Plaintiff "entered into an agreement with Defendant MKG to construct and install the Black Panther solar panels and components for the Project at the site." See Petition ¶ 21

Copy from re:SearchTX

The exercise of jurisdiction by this Court over MKG would offend the traditional notions of fair play and substantial justice, thereby depriving MKG of due process as guaranteed by the Constitution of the United States.

## A. Preliminary Statement

This matter concerns claims related to an alleged bait and switch scheme involving solar panels to be supplied by defendants other than MKG and to be installed by MKG in a solar park in Nicaragua.   Tellingly, the alleged "clandestine agreement between the defendants" (see Petition Exhibit 5), which Plaintiff refers to as the "Smoking Gun" (see Petition I. Introduction"), is an agreement titled "Commission and Set-off Agreement" signed only by defendants Inabata Europe GmbH and RECOM AG, and does not even reference MKG.  Plaintiff readily admits in its Petition that it "entered into an agreement with Defendant MKG to construct and install the Black Panther solar panels and components for the Project at the site" in Nicaragua; that "INABATA was to provide, directly to MGK (sic), the majority of the components, equipment, and materials to install the specified Black Panther panels" in Nicaragua; and that MKG's first contact whatsoever with the panels at issue was when "MKG moved the 46,000+ counterfeit panels and components from the port [in Nicaragua] to the Project site [in Nicaragua] and unpacked the panels and components" in Nicaragua.  See Petition ¶¶ 21, 22 and 23

## B. Factual Background

MKG is not a United States citizen and is not a resident of the State of Texas. MKG has never operated in Texas, does not conduct business in Texas, and does not own any property, real or personal, in the State of Texas.

Plaintiff, a non-Texas company with its principal place of business in Nicaragua (see Petition ¶ 3), contracted with MKG, a German company with its principal place of business in Germany, to install solar panels in Nicaragua only, which solar panels were to be supplied to

Copy from re:SearchTX

MKG in Nicaragua. The sourcing, packaging, and supply of the solar panels were all subject to agreements between the Plaintiff and other defendants, and MKG was not a party to any such agreement(s).  Plaintiff has already previously unsuccessfully attempted to sue MKG in Texas. See Order Granting Defendants' Motions to Dismiss (Doc. 101) entered in the United States District Court for the Western District of Texas, Case No. 3:17-cv-00306-PRM on July 27, 2018

### C. Grounds for Special Appearance

The personal jurisdiction analysis concerns itself exclusively with the actions of MKG, not the unilateral actions of the Plaintiff, the other defendants or any third person. As set forth by the Supreme Court of Texas in *Moncrief Oil International Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013):

> When determining whether a nonresident purposefully availed itself of the privilege of conducting activities in Texas, we consider three factors:
>
> > First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. Thus, sellers who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to the jurisdiction of the latter in suits based on their activities. Finally, the defendant must seek some benefit, advantage or profit by availing itself of the jurisdiction.
>
> *Retamco*, 278 S.W.3d at 338–39; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). This analysis assesses the quality and nature of the contacts, not the quantity. *Retamco*, 278 S.W.3d at 339.
>
> The United States Supreme Court has specified that a nonresident's contacts are not unilateral or random and fortuitous when the defendant "has created 'continuing obligations' between

Copy from re:SearchTX

himself and residents of the forum," which shields the nonresident with the benefits and protections of the forum's laws. *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174 (quoting *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 648, 70 S.Ct. 927, 94 L.Ed. 1154 (1950)). Further, the Court has stated that <u>jurisdiction is proper "where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State."</u> *Id.* (quotation marks omitted). A substantial connection can result from even a single act. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). But <u>the unilateral activity of another person cannot create jurisdiction</u>. *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174. Physical presence in the state is not required but "frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there." *Id.* at 476, 105 S.Ct. 2174. <u>At its core, the purposeful availment analysis seeks to determine whether a nonresident's conduct and connection to a forum are such that it could reasonably anticipate being haled into court there</u>. Id. at 474, 105 S.Ct. 2174. (Emphasis added via underlining.)

Plaintiff GESPA Nicaragua, S.A., apparently realizing that MKG is not subject to this Court's jurisdiction, alleges throughout its Petition that various unspecified "defendants" did various activities in Texas but does not allege a single specific act or contact on the part of MKG whatsoever directed at Texas or that would subject MKG to the jurisdiction of this Court. FN[1]

---

1    When Plaintiff does allege specific acts in its Petition that would subject any of the defendants to this Court's jurisdiction, it expressly alleges that the panels were relabeled in the warehouse of defendants FLEX and that defendant RECOM agreed to this with defendants FLEX, who "then shipped the counterfeit panels from El Paso, Texas to the Port of Los Angeles, and finally to Plaintiff's facility in Nicaragua, where Defendant MKG installed them." See Petition I. Introduction. There is no allegation whatsoever that MKG had any contacts with Texas. Additionally, to the extent that the Court finds that there was indirect contact by MKG with Texas as a result of receiving the panels, which allegedly traveled from Texas, to California and then to Nicaragua, such contact is not the unilateral activity of MKG but, rather, that of another party or a third person. Second, such alleged contact is not purposeful but, rather, is completely random, fortuitous, or attenuated. The only obligation on the part of MKG was to Plaintiff in Nicaragua. MKG never had a relationship, continuing or otherwise, nor any obligations to citizens of Texas or anyone subject to the jurisdiction of Texas. Finally, MKG never sought any benefit, advantage, profit, or anything else, that would avail it of the jurisdiction of Texas.

Copy from re:SearchTX

Moreover, MKG's evidence and the Plaintiff's own Petition allegations rebut any claim that this Court can exercise personal jurisdiction over MKG because:

      a.     MKG has not purposefully, or otherwise, established minimum contacts with Texas;

      b.     Any acts related to this matter by MKG that could be construed as possibly being directed towards Texas were not purposeful, but rather were random, isolated, or fortuitous;

      c.     MKG did not seek any benefit, advantage, or profit by availing itself of Texas jurisdiction, which jurisdiction is denied;

      d.     At all times, MKG was and is a German business entity headquartered in Germany which has no contacts with Texas and which contracted with a Nicaraguan company to install solar panels exclusively in Nicaragua, and not in Texas.

      e.     All actions on the part of MKG, as alleged in the Petition, occurred in Nicaragua and not in Texas.

      f.     Plaintiff's colorable causes of action do not arise from or relate to MKG's contacts with Texas; and,

      g.     The exercise of jurisdiction over MKG would not comport with traditional notions of fair play and substantial justice.

### D. Supporting Affidavit and Materials

MKG submits its Declaration attached as Exhibit 1 to establish facts not apparent from the record and incorporates it by reference for all purposes. Additionally, as referenced above, MKG also establishes facts from the record as set forth in the Plaintiff's own Petition filed with this Court.

Copy from re:SearchTX

### E. Original Answer

Subject to and without waiving its special appearance, Defendant MKG hereby enters a general denial to Plaintiff's pleadings as permitted by Texas Rule of Civil Procedure 92 and demands strict proof thereof.

### F. Prayer

WHEREFORE, for these reasons, MKG requests that the Court set this Special Appearance for hearing and that, upon hearing, the Court sustain this Special Appearance, dismiss Plaintiff's suit with prejudice for refiling in Texas, and order that Plaintiff take nothing.

Respectfully submitted,

/s/ David Mirazo
David Mirazo, Esq.
**MOUNCE, GREEN, MYERS, SAFI, PAXSON & GALATZAN P.C.**
100 N Stanton Street, Suite1000
El Paso, TX 79901
Tel.  915-532-2000
Fax. 915-541-1526
Email: mirazo@mgmsg.com

Attorneys for Defendant MKG

Copy from re:SearchTX

## **VERIFICATION**

STATE OF FLORIDA        )
                                   )
COUNTY OF ORANGE      )

BEFORE ME, the undersigned notary public, on this day personally appeared JOHN L. URBAN, who being by me duly sworn on his oath deposed and said that he is the attorney for Defendant MKG in the above-entitled and numbered cause; and that pursuant to Tex. R. Civ. P. 14, he has read the above and foregoing instrument, and that the information contained therein is within his client's personal knowledge and is true and correct.

**John L. Urban**

SUBSCRIBED AND SWORN TO BEFORE ME this 20th day of May, 2019, to certify which witness my hand and official seal.

NOTARY PUBLIC IN AND FOR
THE STATE OF FLORIDA



NICOLE I A. HWANG
MY COMMISSION # FF 980767
EXPIRES: April 10, 2020
Bonded Thru Budget Notary Services

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document will be served on counsel of record via E-service at the time of filing same, in accordance with the Texas Rules of Civil Procedure, as follows, on this 20th day of May, 2019.

/s/ David Mirazo
David Mirazo, Esq.

Copy from re:SearchTX

EXHIBIT 1

Copy from re:SearchTX

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A. | § § § | CIVIL ACTION NO. 3:17-CV-00306 PRM |
| *Plaintiff,* | § § | |
| v. | § § | |
| INABATA EUROPE GMBH;<br>RECOM AG; FLEXTRONICS<br>INTERNATIONAL USA, INC.,;<br>FLEXTRONICS AUTOMOTIVE USA, LLC;<br>and MKG GMBH MONTAGEBAU KARL<br>GOEBEL, | § § § § § § § | |
| *Defendants.* | § § § | |

## DECLARATION AND VERIFICATION IN SUPPORT OF DEFENDANT, MKG GMBH MONTAGEBAU KARL GOEBEL'S, MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION

Defendant, MKG GMBH MONTAGEBAU KARL GOEBEL, ("MKG") by and through

its attorney of record, submits this Declaration and Verification supporting its Motion to Dismiss

for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction.

1.   My name is Falko Schrade.  I am the Chief Executive Officer (*Geschaeftsfuehrer*) of MKG.  I am over 18 years of age, of sound mind, and capable of making this affidavit.

2.   MKG is a Defendant in the above-referenced cause filed in United States District Court for the Western District of Texas, El Paso Division.  The facts stated in this affidavit are within my personal knowledge as the Chief Executive Officer (*Geschaeftsfuehrer*) of MKG and are true and correct.

3.   MKG is a company with limited liability (*Gesellschaft mit beschraenkter Haftung/ GmbH)* duly incorporated in the Federal Republic of Germany. MKG's headquarters are located in Oehringen, Baden-Wuerttemberg, Federal Republic of Germany.

1



Copy from re:SearchTX

4.    MKG does not now and has never conducted business in the State of Texas. MKG does not direct any advertising activities to the State of Texas and has never done so. MKG does not now and has never solicited business in the State of Texas.

5.    MKG does not design products or services specifically for the Texas marketplace.

6.    MKG does not now and has never had any employees or agents in the State of Texas.

7.    MKG does not now and has never had any offices in the State of Texas.

8.    MKG does not now and has never owned real property in the State of Texas.

9.    No officer or director of MKG is a citizen, resident or domiciliary of the State of Texas and none own real estate in the State of Texas.

10.   All of the alleged acts and omissions of MKG related to this lawsuit took place outside of the State of Texas.

I declare under penalty of perjury under the laws of the United States of America that I

have read the foregoing sworn statement pursuant to 28 U.S.C. § 1746 and that the foregoing is

true and correct.

Executed on January 18th, 2018.

Falko Schrade
Chief Executive Officer (*Geschaeftsfuehrer*)
MKG GmbH Montagebau Karl Goebel

2

Copy from re:SearchTX

# EXHIBIT S

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 75 of 145

Filed 6/17/2019 9:57 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

IN THE 120TH DISTRICT COURT

OF EL PASO, TEXAS

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2018DCV4112 |
| | § | |
| INABATA EUROPE GMBH, RECOM | § | |
| AG, FLEXTRONICS INTERNATIONAL | § | |
| USA, INC., FLEXTRONICS | § | |
| AUTOMOTIVE USA, LLC, AND MKG | § | |
| GMBH MONTAGEBAU KARL GLÖBEL, | § | |
| | § | |
|     Defendants. | § | |

## **DEFENDANT RECOM A.G.'S SPECIAL APPEARANCE AND, SUBJECT THERETO, ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

RECOM A.G., ("Defendant"), Defendant in the above-entitled and numbered cause, files this, its Special Appearance and, subject to its Special Appearance, its Original Answer, and would respectfully show the Court as follows:

### **I. Special Appearance**

1.    Defendant makes this special appearance pursuant to Texas Rule of Civil Procedure 120a. This appearance is made for the purpose of objecting to the entire proceeding as to Defendant, because this Court does not have personal jurisdiction over Defendant.

2.    Defendant is filing this special appearance prior to any other plea, pleading, or motion.

Copy from re:SearchTX

3.      Defendant is a German corporation, with its headquarters in Dusseldorf, Germany. (See Declaration of A. Spartalian, Exhibit A).[1]   Defendant has no office in the United States, nor does it have any employees in the United States.  (Id.).  Defendant does not conduct business in the State of Texas.  To the extent that GESPA asserts in its Original Petition that Defendant has an office in San Francisco, California, that assertion is incorrect.  (Id.).

4.      Defendant has no office, warehouse or employees in Texas.  (See Declaration of H. Tunyan, Exhibit B).

5.      All of the alleged acts and omissions of Defendant related to this lawsuit took place outside of the State of Texas.   Defendant was never the owner of the modules sold. (Id.).   Inabata Europe GmbH bought them from Flextronics and sold them to GESPA. (Id.). Hence, Defendant never had ownership of the modules in Texas. (Id.).

6.      Defendant was not the customer of the warehouse where the modules were stored. Rather, Inabata was the customer. (Id.).  Furthermore, Flextronics, and not Defendant, was the shipper of the modules from Texas to Nicaragua. (Id.).  No employees of Defendant re-labeled solar panels in Texas or met with employees of Flextronics in Texas.  (See Declaration of A. Spartalian, Exhibit A).

7.      The agreement between Inabata and Defendant was executed in Germany, not in the United States. (Id.).

8.      Defendant is not amenable to process issued by this Court and is not subject to general jurisdiction in the Court, because Defendant does not engage in systematic and continuous activities in Texas.

---

[1] All exhibits attached hereto are herein incorporated by reference as if set forth fully herein.

Copy from re:SearchTX

9.      Defendant has had no contacts with Texas that give rise to or relate to Plaintiff's alleged causes of action against it and, thus, specific jurisdiction cannot be exerted over it. Defendant lacks the minimum contacts necessary for a Texas court to assume jurisdiction over it or its property.

10.     It should also be noted that Plaintiff has previously attempted to sue Defendant in Texas, to no avail. (See Order Granting Defendants' Motion to Dismiss, Doc. 101, in the U.S. District Court for the Western District of Texas, Case No. 3:17-cv-00306-PRM).

11.     The assumption of jurisdiction over Defendant would offend traditional notions of fair play and substantial justice, depriving Defendant of its due process rights guaranteed by the United States and Texas Constitutions.

12.     Defendant has not consented and does not consent to be sued in the State Court of Texas in this case.

## II.  General Denial

13.     Subject to and without waiving its special appearance, in accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each allegation in Plaintiff's Original Petition and demands strict proof of same.

## III.  Right to Amend

14.     Defendant reserves the right to amend this Answer at a later date.

## IV.  Request for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant RECOM AG prays that its special appearance be set for hearing, upon hearing that its special appearance be sustained, that this entire proceeding as to Defendant RECOM AG be dismissed with prejudice for refiling in Texas, and that Plaintiff take nothing by this suit.

Copy from re:SearchTX

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas  79912
(915) 703-7307
(915) 703-7618 Telecopier

By:    */s/Priscilla M. Castillo*
       **PRISCILLA M. CASTILLO**
       State Bar No. 24076531
       Priscilla@mosslegalsolutions.com
       **M. MITCHELL MOSS**
       State Bar No. 00784647
       Mitch@mosslegalsolutions.com
       Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a(e), the undersigned counsel, certifies that on this 17th day of June 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

*/s/ Priscilla M. Castillo*
**PRISCILLA M. CASTILLO**

Copy from re:SearchTX

STATE OF TEXAS )
)
COUNTY OF EL PASO )

BEFORE ME, the undersigned authority, on this day personally appeared Priscilla M. Castillo, who being by me duly sworn upon his oath deposed and said that she is the attorney for Defendant RECOM, A.G., in the above-entitled and numbered cause; and that pursuant to Texas Rule of Civil Procedure 14, she has read the above and foregoing instrument, and that the information contained therein is within her client's personal knowledge and is true and correct.

_____
**PRISCILLA M. CASTILLO**

SUBSCRIBED AND SWORN TO BEFORE ME on this the 17th day of June, 2019.

_____
Notary Public in and for the
State of Texas

CHRISTINE A. PORTILLO
NOTARY PUBLIC
NOTARY ID# 845950-8
In and for the State of Texas
My commission expires
DECEMBER 15, 2019

**EXHIBIT A**

Copy from re:SearchTX

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

GESPA Nicaragua, S.A.

      Plaintiff.

                                    Case No. 3:17-cv-00306-PRM

V.

Inabata Europe GmbH,
RECOM AG, et als.,

          Defendants

## DECLARATION OF ARAM SPARTALIAN IN SUPPORT OF RECOM AG's MOTION TO DISMISS COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, Aram Spartalian, hereby declare and state the following:

1. I am an attorney for RECOM AG, and I make this declaration based upon my knowledge of the files relating to this case.

2. RECOM AG is a German corporation, with its headquarters in Dusseldorf, Germany. It was pre-incorporated in Germany in 2013, and fully able to transact business as of September 2014.

3. RECOM AG has no office in the United States, nor does it have any employees in the United States. To the extent that GESPA asserts in its Complaint that RECOM AG has an office in San Francisco California, that assertion is incorrect.

4. The agreement between Inabata and RECOM AG was executed in Germany, not in the United States.

5. No employees of RECOM AG re-labeled solar panels in Texas, or met with employees of Flextronics in Texas.

Copy from re:SearchTX

I, Aram Spartalian, declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2018

_____
Aram Spartalian

Copy from re:SearchTX

**EXHIBIT B**

Copy from re:SearchTX



## DECLARATION

My name is Hamlet Tunyan and I am the Managing Director of RECOM AG. I am over the age of 18 and I make this declaration based on my personal knowledge and on information received in my capacity as Managing Director for RECOM AG.

1) RECOM AG has no office, no warehouse and no employees in Texas.

2) RECOM AG was never the owner of the modules sold. Inabata Europe GmbH bought them from Flextronics and sold them to Gespa. Hence RECOM never had ownership of the modules in Texas.

3) RECOM AG was not the customer of the warehouse (Expeditors) where the modules were stored; Inabata was.

4) RECOM AG was not the shipper of the modules from Texas to Nicaragua; Flextronics was.

5) RECOM AG only provided Inabata the authorization for the use of its trademark on the panels against a fee.

I, Hamlet Tunyan, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 16 2018, in Athens, Greece.

Hamlet Tunyan

16.04.18

Copy from re:SearchTX

# EXHIBIT T

IN THE 120TH DISTRICT COURT
OF EL PASO, TEXAS

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2018DCV4112 |
| | § | |
| INABATA EUROPE GMBH, RECOM | § | |
| AG, FLEXTRONICS INTERNATIONAL | § | |
| USA, INC., FLEXTRONICS | § | |
| AUTOMOTIVE USA, LLC, AND MKG | § | |
| GMBH MONTAGEBAU KARL GLÖBEL, | § | |
| | § | |
|     Defendants. | § | |

**<u>VACATION NOTICE</u>**

Please be informed that the undersigned attorney, Priscilla M. Castillo, will be on maternity leave until July 26, 2019. Subject to and without waiving the special appearance filed in this matter, Ms. Castillo requests that no new hearings, depositions, or trials be set during that time.

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas 79912
(915) 703-7307
(915) 703-7618 Telecopier

By:    <u>*/s/Priscilla M. Castillo*</u>
**PRISCILLA M. CASTILLO**
State Bar No. 24076531
Priscilla@mosslegalsolutions.com
**M. MITCHELL MOSS**
State Bar No. 00784647
Mitch@mosslegalsolutions.com

## <u>CERTIFICATE OF SERVICE</u>

     In compliance with Texas Rule of Civil Procedure 21a(e), the undersigned counsel, certifies that on this 18th day of June 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on all parties or attorneys of record electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

*/s/ Priscilla M. Castillo*
**PRISCILLA M. CASTILLO**

Copy from re:SearchTX

Copy from re:SearchTX

# EXHIBIT U

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 91 of 145

Filed 6/21/2019 11:51 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**120TH JUDICIAL DISTRICT**

| | |
|---|---|
| Gespa Nicaragua, S.A.<br>VS<br>Inabata Europe GMBH, RECOM AG,<br>Flextronics International USA, Inc.,<br>Flextronics Automotive USA, LLC, AND<br>MKG GMBH Montagebau Karl Globel | Cause No. 2018DCV4112 |

**ORDER OF COURT SETTING**

The above referenced case is set as follows:

| Hearing Date | Hearing Time | Description |
|---|---|---|
| **August 01, 2019** | **9:30 AM** | **Special Appearance Hearing** |

Your case may be Dismissed for Want of Prosecution under the Court's inherent power for failure of any party seeking affirmative relief to appear for any Hearing or Trial of which the Party had Notice.

If the above referenced case has already been settled, tried or dismissed, please notify my Court Coordinator Myrna Hernandez, (915) 546-2103 upon receipt of this order.

Signed and Entered on this the 21st day of June, 2019.

_____
**Maria Salas-Mendoza, Judge**

| | |
|---|---|
| Joshua H. Sisam | 830-331-4044 |
| J. Scott Mann | 915-546-5360 |
| Matthew B. Allen | 713-229-2803 |
| Peter Huston | 415-291-6311 |
| David Mirazo | 915-541-1597 |
| Priscilla M. Castillo | 915-703-7618 |

**\*\*Parties are to notify the court of all filings at 120DcMotionOrders@epcounty.com\*\***

Please give notice to all concerned parties

Copy from re:SearchTX

# EXHIBIT V

Case 3:19-cv-00182-PRM    Document 1-5    Filed 07/08/19    Page 93 of 145

Case No. 2018DCV4112

| | |
|---|---|
| GESPA Nicaragua, S.A. | |
| *Plaintiff,* | IN THE DISTRICT COURT |
| v. | |
| Inabata Europe GmbH, | |
| Recom AG, | 120TH JUDICIAL DISTRICT |
| Flextronics International USA, Inc., | |
| Flextronics Automotive USA, LLC, and | |
| MKG GmbH Montagebau Karl Göbel, | |
| *Defendants* | EL PASO COUNTY, TEXAS |

**<u>SUBPOENA FOR DEPOSITION DUCES TECUM</u>**

TO: ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN TEXAS RULE OF CIVIL PROCEDURE 176.5.

You are commanded to summon the persons as set forth in Exhibit "A," who's registered agent is located at 1701 Directors Blvd., Suite 300 Austin, Texas 78744 USA, to appear at the location identified in Exhibit "A", to attend and give testimony at a deposition in this case on behalf of the Plaintiff, to produce and permit inspection and copying of documents or tangible things, as identified in Exhibit "B", to be used as evidence in this case, and to remain in attendance from day to day until lawfully discharged.

This subpoena was issued pursuant to Tex. R. Civ. P. 176.4(b), at the request of Plaintiff GESPA Nicaragua, S.A., whose attorney of record is Joshua H. Sisam, Attorney at law, 110 Industrial Dr. Boerne TX 78006, Telephone: (830) 428-0333, Facsimile (830) 331-1027.

**CONTEMPT.** Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement or both. Tex. R. Civ. P. 176.8(a).

**DO NOT FAIL** to return this writ to the 120th Judicial District Court, El Paso County, TX, with either the attached officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED on June 25, 2019

Copy from re:SearchTX

Respectfully submitted,

Joshua H. Sisam, Esq.
  TX# 24079346
  MN # 394786
SISAM & ASSOCIATES, LLP
110 Industrial Dr.
Boerne, Texas 78006
Tel. No. (830) 428-0333
Fax No. (830) 331-1027


BY: _____
        Joshua H. Sisam
        Tx Bar No:  24079346

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

## EXHIBIT "A"

| Name of the Deponent | Date of Deposition | Time | Location |
|---|---|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC's Person Most Knowledgeable about the receipt, preparation & delivery of the solar panels which are the subject of this Lawsuit. | June 8th, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |

## EXHIBIT "B"

During the Deposition, provide or have available the following:

1. The deponent's current *resume*; curricula vitae or other similar document describing the education, training, work history, and experience.

2. Any and all documents that deponent has used to prepare for the deposition or were used to refresh recollection.

3. Any communication between the Deponent or Expeditors International of Washington, Inc dba. Expeditors International Ocean, Inc., and any of the parties involved in the case styled *2018DCV4112*.

Copy from re:SearchTX

## RETURN OF SERVICE OF SUBPOENA

I, _____, delivered a copy of this subpoena to the registered agent for

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. dba. Expeditors International

Ocean, Inc, in person at 1701 Directors Blvd., Suite 300 Austin, in _____ County, Texas, on

_____, 2019, at _____ o'clock ___.m., and tendered to the witness a fee of $ 11 in cash.

**By**: _____

*Person who is not a party to the suit, and is at least 18 years old*

### ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS
### UNDER TEXAS RULE OF CIVIL PROCEDURE 176

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and
hereby accept service of the attached subpoena.

**Signature of Witness**                                                         **Date**

*******************************************************************************

I, _____, was unable to deliver a copy of this subpoena to a registered

agent of record for EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. dba.

Expeditors International Ocean, Inc for the following reasons:

_____

_____.

**FEE FOR SERVICE OF SUBPOENA**: $_____

Copy from re:SearchTX

# EXHIBIT W

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 98 of 145

Filed 6/25/2019 3:10 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

Case No. **2018DCV4112**

| | |
|---|---|
| GESPA Nicaragua, S.A. | |
| *Plaintiff*, | IN THE DISTRICT COURT |
| v. | |
| Inabata Europe GmbH, | 120TH JUDICIAL DISTRICT |
| Recom AG, | |
| Flextronics International USA, Inc., | |
| Flextronics Automotive USA, LLC, and | |
| MKG GmbH Montagebau Karl Göbel, | EL PASO COUNTY, TEXAS |
| *Defendants*. | |

## <u>NOTICE OF DEPOSITION</u>

To:
Defendant Inabata Europe GmbH by and through its attorneys of record,
    T. GREGORY JACKSON
    1717 MAIN STREET, SUITE 3200
    DALLAS, TEXAS 75201

Defendant Recom AG by and through its attorneys of record,
    PRICSILLA CASTILLO
    5845 CROMO DR., SUITE 2
    EL PASO, TEXAS 79912

Defendant Flextronics Automotive USA, LLC. and Flextronics International USA, Inc.
by and through its attorneys of record,
    J. SCOTT MANN
    221 N. KANSAS, SUITE 1700
    EL PASO, TEXAS 79901

Defendant MKG GmbH Montagebau Karl Göbel ("MKG") by and through its attorneys
of record,
    DAVID MIRAZO
    100 N STANTON STREET, SUITE 1000
    EL PASO, TEXAS 79901

PLAINTIFF, in the above styled and numbered cause, pursuant to Rule 199 of the Texas

Rules of Civil Procedure, submits this Notice of Deposition.

PLEASE TAKE NOTICE THAT, Plaintiff will take the deposition of the persons as set forth in Exhibit "A" to this Notice of Deposition, before a certified court reporter, and will continue from day to day, Sundays and holidays excluded, until completed.

NOTICE IS FURTHER GIVEN THAT, in addition to being recorded in a stenographic method, the deposition may also be videotape recorded.  A recording of the deposition may be used at trial in accordance with the law.

PLEASE TAKE FURTHER NOTICE THAT, at least five working days prior to the deposition, copies of the documents described in Exhibit "B" attached to this Notice of Deposition shall be produced to Plaintiff's counsel at 110 Industrial Drive, Boerne, Texas 78006 by electronic method and brought to the deposition.

June 25, 2019

> _/s/ Joshua H. Sisam_
> Joshua H. Sisam, Esq.
>   TX# 24079346
>   MN # 394786
> SISAM & ASSOCIATES, LLP
> 110 Industrial Dr.
> Boerne, Texas 78006
> Tel. No. (830) 428-0333
> Fax No. (830) 331-1027
>
> ATTORNEY FOR PLAINTIFF

**EXHIBIT "A"**

| **Defendant** | **Name of the Deponent** | **Date of Deposition** | **Time** | **Location** |
|---|---|---|---|---|
| Inabata Europe GmbH | Kazuto Oishi | July 11, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| Recom AG, | Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit | July 10, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| Flextronics International USA | Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit. | July 9, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| MKG GmbH Montagebau Karl Göbel | Person Most Knowledgeable about the Receipt, Installation and Modification of the solar panels which are the subject of this Lawsuit. | July 12, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |

**EXHIBIT "B"**

During the Deposition, provide or have available the following:

1. The deponent's current *resume*; curricula vitae or other similar document describing the education, training, work history, and experience.

2. Any and all documents that deponent has used to prepare for the deposition or were used to refresh recollection.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on the 25th day of April 2019 a true and correct copy of the above and foregoing document has been sent to the following pursuant to Texas Rules of Civil Procedure to Defendant by way of the following counsel of record, by way of the Electronic Court Filing System:

T. GREGORY JACKSON
1717 MAIN STREET, SUITE 3200
DALLAS, TEXAS 75201

PRICSILLA CASTILLO
5845 CROMO DR., SUITE 2
EL PASO, TEXAS 79912

J. SCOTT MANN
221 N. KANSAS, SUITE 1700
EL PASO, TEXAS 79901

DAVID MIRAZO
100 N STANTON STREET, SUITE 1000
EL PASO, TEXAS 79901

*/s/ Joshua H. Sisam*
Joshua H. Sisam, Esq.

# EXHIBIT X

El Paso County - 120th District Court
Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 104 of 145

Filed 6/27/2019 10:57 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

**IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS**

**120TH JUDICAL DISTRICT COURT**

| | | |
|---|---|---|
| **GESPA NICARAGUA, S.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **INABATA EUROPE GMBH, RECOM** | § | **CAUSE NO. 2018DCV4112** |
| **AG, FLEXTRONICS INTERNATIONAL** | § | |
| **USA, INC., FLEXTRONICS** | § | |
| **AUTOMOTIVE USA, LLC, AND MKG** | § | |
| **GMBH MONTAGEBAU KARL** | § | |
| **GLÖBEL** | § | |
| **Defendants.** | § | |

**DEFENDANTS FLEXTRONICS AUTOMOTIVE USA (TEXAS),**
**LLC AND FLEXTRONICS INTERNATIONAL USA, INC.'S**
**MOTION TO QUASH PLAINTIFF'S NOTICE OF DEPOSITION**

Defendants Flextronics Automotive USA (Texas), LLC (incorrectly sued as Flextronics Automotive USA, LLC), and Flextronics International USA, Inc. (collectively "Flextronics"), file this motion to quash the deposition of "Flextronics International USA" and would respectfully show the Court as follows:

On June 25, 2019, Plaintiff unilaterally noticed the deposition of "Flextronics International USA" for July 9, 2019. A copy of the Plaintiff's notice of deposition (the "Notice") is attached here as Exhibit A. Flextronics objects to the Notice and deposition because Plaintiff's counsel noticed the deposition without conferring with counsel for Flextronics regarding dates when Flextronics' counsel and a corporate representative would be available. As such, the parties have not agreed on dates for a deposition of Flextronics.

Texas Rule of Civil Procedure 199.4 provides that "A party or witness may object to the time and place designated for an oral deposition by motion for protective order or by motion to quash the notice of deposition. If the motion is filed by the third business day after service of the

1

notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined." Because this Motion is filed within three (3) business days of the date the notice was served, this Motion automatically stays the deposition pending a hearing on the Motion. *Id.*; *accord Floyd Circle Partners, LLC v. Republic Lloyds*, 2017 WL 3124469, at *3 (Tex. App.—Dallas July 24, 2017, pet. denied) (noting depositions are "automatically quashed pending a hearing" with a timely filed Rule 199.4 motion to quash).

Flextronics also objects to the Notice as vague and ambiguous and because it fails to comply with the Texas Rules of Civil Procedure. Rule 199.2(b)(1) provides that "[i]f an organization is named as the witness, the notice must describe with reasonable particularity the matters on which examination is requested." With respect to the matters on which examination is requested, the Notice says only: "Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit." Ex. A at 3. Plaintiff's purported topic is vague and ambiguous and does not provide the "reasonable particularity" required under Rule 199.2(b)(1).

Flextronics further objects to the Notice and deposition as premature. Defendants Recom AG and MKG GmbH Montagebau Karl Globel have filed special appearances arguing the Court lacks personal jurisdiction, which are set for hearing on August 1, 2019. Defendants should not be subjected to the time and expense of depositions until threshold jurisdictional issues are decided and the proper parties to the lawsuit are identified.

For the foregoing reasons, Flextronics respectfully requests that the Court quash Plaintiff's Notice for "Flextronics International USA," sustain Flextronics' objections to the Notice, and grant all other relief to which Flextronics is entitled.

Copy from re:SearchTX

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Peter Huston*
     Peter Huston (*PHV*)
     101 California Street, Suite 3600
     San Francisco, CA 94111
     Telephone: 415.291.6211
     Facsimile: 415.291.6311
     peter.huston@bakerbotts.com

     Matthew B. Allen
     State Bar No. 24073841
     One Shell Plaza
     910 Louisiana Street
     Houston, Texas 77002-4995
     Telephone: 713.229.1103
     Facsimile: 713.229.2803
     matt.allen@bakerbotts.com

KEMP SMITH LLP

     J. Scott Mann
     State Bar No. 24002519
     221 N. Kansas, Suite 1700
     El Paso, Texas 79901
     Telephone: 915.533.4424
     Facsimile: 915.546.5360
     scott.mann@kempsmith.com

ATTORNEYS FOR DEFENDANTS FLEXTRONICS
INTERNATIONAL USA, INC., AND FLEXTRONICS
AUTOMOTIVE USA (TEXAS), LLC

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2019, a true and correct copy of the foregoing was served on all known counsel of record by the electronic filing system.


*/s/ Matthew B. Allen*
Matthew B. Allen

4

Copy from re:SearchTX

# EXHIBIT Y

El Paso County - 120th District Court
Case 3:19-cv-00182-PRM    Document 1-5    Filed 07/08/19    Page 109 of 145
Filed 6/27/2019 3:29 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS

120TH JUDICIAL DISTRICT COURT

| | |
|---|---|
| GESPA NICARAGUA, S.A. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INABATA EUROPE GMBH, RECOM | ) |
| AG, FLEXTRONICS INTERNATIONAL | )   NO. 2018DCV4112 |
| USA, INC., FLEXTRONICS | ) |
| AUTOMOTIVE USA, LLC, and MKG | ) |
| GMBH MONTAGEBAU KARL GLÖBEL, | ) |
| | ) |
| Defendants. | ) |

## SUBJECT TO SPECIAL APPEARANCE, DEFENDANT MKG GMBH MONTAGEBAU KARL GLÖBEL'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant, MKG GMBH Montagebau Karl Glöbel ("Defendant") in the above styled and captioned matter, and Subject to its Special Appearance filed on May 20, 2019, and files this Motion to Quash and for Protective Order, and in support thereof, would respectfully show the Court as follows:

I.

Plaintiff unilaterally noticed the depositions of the corporate representatives of all Defendants and a non-party, Expeditors International of Washington, D.C. The notices were issued on June 25, 2019, without consultation with counsel for Defendant MKG GMBH Montagebau Karl Glöbel's as to the proposed dates and times, or as to scope or topics. The depositions were noticed to take place on June [sic] 8, July 9, July 10, July 11, and July 12, 2019, respectively, in El Paso, Texas.  True and correct copies of the notices are attached hereto as Exhibit A and B, respectively.

15828.101/DMIR/1457766

Copy from re:SearchTX

II.

Defendant MKG GMBH Montagebau Karl Glöbel objects to the depositions, because Plaintiff has not shown that jurisdictional discovery is necessary, as required by Rule 120a of the Texas Rules of Civil Procedure. Defendant MKG GMBH Montagebau Karl Glöbel also objects to the topic of the depositions, because they seek testimony on the merits of the case and are not properly limited to personal jurisdiction issues. Counsel for Defendant MKG GMBH Montagebau Karl Glöbel is also not available on the proposed dates. Defendant MKG GMBH Montagebau Karl Glöbel moves for a protective order and to quash the depositions and objects to the scope, date, time and place of the depositions pursuant to Texas Rules of Civil Procedure 192.6(a). Pursuant to Rule 199.4, the depositions are automatically stayed until this Motion is decided by the Court.

III.

The undersigned counsel hereby certifies that he attempted to confer with counsel for Plaintiff about resolving the issues raised herein without the necessity of Court intervention, but to no avail.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, MKG GMBH Montagebau Karl Glöbel respectfully prays that the Court grant this motion, and that the Court grant Defendant, MKG GMBH Montagebau Karl Glöbel any other further relief to which they may be entitled.

Copy from re:SearchTX

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
 **SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
Email:  mirazo@mgmsg.com

By:  _____
     **David M. Mirazo**
     State Bar No. 24044610

Attorneys for Defendant, MKG GMBH
Montagebau Karl Globel

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument was served on the following persons as indicated below on this 27th day of June, 2019.

| | |
|---|---|
| Joshua H. Sisam, Esq.<br>Sisam & Associates, LLP<br>110 Industrial Drive<br>Boerne, Texas 78006<br>Fax: (830) 331-1027<br>Email: josh@sisam.com<br>Attorneys for Plaintiff | X___   Electronic Service (Rule 21a(a)(1))<br>____   U.S. Mail<br>____   Certified Mail<br>____   Fax<br>____   Email |
| T. Gregory T. Jackson, Esq.<br>1717 Main Street, Ste. 3200<br>Dallas, Texas 75201<br>Fax: (214) 466-4001<br>Email:  greg.jackson@morganlewis.com<br>Attorney for Inabata Europe GMBH | X___   Electronic Service (Rule 21a(a)(1))<br>____   U.S. Mail<br>____   Certified Mail<br>____   Fax<br>____   Email |
| Priscilla Castillo, Esq.<br>Moss Legal Group, PLLC<br>5845 Cromo Drive, Ste. 2<br>El Paso, Texas 79912<br>Fax:  (915) 703-7618<br>Email: priscilla@mosslegalsolutions.com<br>Attorney for Defendant Recom AG | X___   Electronic Service (Rule 21a(a)(1))<br>____   U.S. Mail<br>____   Certified Mail<br>____   Fax<br>____   Email |

15828.101/DMIR/1457766

Copy from re:SearchTX

| | |
|---|---|
| J. Scott Mann, Esq.<br>Kemp Smith<br>221 N. Kansas, Ste. 1700<br>El Paso, Texas 79901<br>Fax:  (915) 546-5360<br>Email: smann@kempsmith.com<br>Attorneys for Defendants Flextronics Automotive USA, LLC and Flextronics International USA, Inc. | <u>X</u>    Electronic Service (Rule 21a(a)(1))<br>_____ U.S. Mail<br>_____ Certified Mail<br>_____ Fax<br>_____ Email |
| Peter Huston Esq.<br>Baker Botts L.L.P.<br>101 California Street, Ste. 3600<br>San Francisco, CA 94111<br>Fax: (415) 291-6311<br>Peter.huston@bakerbotts.com<br>Attorneys for Defendants Flextronics Automotive USA, LLC and Flextronics International USA, Inc. | <u>X</u>    Electronic Service (Rule 21a(a)(1))<br>_____ U.S. Mail<br>_____ Certified Mail<br>_____ Fax<br>_____ Email |

**David M. Mirazo**

Copy from re:SearchTX

**Case No. 2018DCV4112**

| | |
|---|---|
| GESPA Nicaragua, S.A. | |
| *Plaintiff,* | IN THE DISTRICT COURT |
| v. | |
| Inabata Europe GmbH,<br>Recom AG,<br>Flextronics International USA, Inc.,<br>Flextronics Automotive USA, LLC, and<br>MKG GmbH Montagebau Karl Göbel, | 120TH JUDICIAL DISTRICT |
| *Defendants* | EL PASO COUNTY, TEXAS |

## <u>SUBPOENA FOR DEPOSITION DUCES TECUM</u>

TO: ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN TEXAS RULE OF CIVIL PROCEDURE 176.5.

You are commanded to summon the persons as set forth in Exhibit "A," who's registered agent is located at 1701 Directors Blvd., Suite 300 Austin, Texas 78744 USA, to appear at the location identified in Exhibit "A", to attend and give testimony at a deposition in this case on behalf of the Plaintiff, to produce and permit inspection and copying of documents or tangible things, as identified in Exhibit "B," to be used as evidence in this case, and to remain in attendance from day to day until lawfully discharged.

This subpoena was issued pursuant to Tex. R. Civ. P. 176.4(b), at the request of Plaintiff GESPA Nicaragua, S.A., whose attorney of record is Joshua H. Sisam, Attorney at law, 110 Industrial Dr. Boerne TX 78006, Telephone: (830) 428-0333, Facsimile (830) 331-1027.

**CONTEMPT.** Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement or both. Tex. R. Civ. P. 176.8(a).

**DO NOT FAIL** to return this writ to the 120th Judicial District Court, El Paso County, TX, with either the attached officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED on June 25, 2019

**EXHIBIT A**

Copy from re:SearchTX

Respectfully submitted,

Joshua H. Sisam, Esq.
  TX# 24079346
  MN # 394786
SISAM & ASSOCIATES, LLP
110 Industrial Dr.
Boerne, Texas 78006
Tel. No. (830) 428-0333
Fax No. (830) 331-1027


BY: _____
     Joshua H. Sisam
     Tx Bar No:  24079346

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT A**

Copy from re:SearchTX

**EXHIBIT "A"**

| Name of the Deponent | Date of Deposition | Time | Location |
|---|---|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC's Person Most Knowledgeable about the receipt, preparation & delivery of the solar panels which are the subject of this Lawsuit. | June 8th, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |

**EXHIBIT "B"**

During the Deposition, provide or have available the following:

1. The deponent's current *resume*; curricula vitae or other similar document describing the education, training, work history, and experience.

2. Any and all documents that deponent has used to prepare for the deposition or were used to refresh recollection.

3. Any communication between the Deponent or Expeditors International of Washington, Inc dba. Expeditors International Ocean, Inc., and any of the parties involved in the case styled *2018DCV4112*.

Copy from re:SearchTX

## <u>RETURN OF SERVICE OF SUBPOENA</u>

I, _____, delivered a copy of this subpoena to the registered agent for EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. dba. Expeditors International Ocean, Inc, in person at 1701 Directors Blvd., Suite 300 Austin, in _____ County, Texas, on _____, 2019, at _____ o'clock ___.m., and tendered to the witness a fee of $ <u>11</u> in cash.

**By**: _____

*Person who is not a party to the suit, and is at least 18 years old*

### ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS
### UNDER TEXAS RULE OF CIVIL PROCEDURE 176

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena.

**Signature of Witness**                                    **Date**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, _____, was unable to deliver a copy of this subpoena to a registered agent of record for EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. dba. Expeditors International Ocean, Inc for the following reasons:

_____

_____.

**FEE FOR SERVICE OF SUBPOENA**: $_____

**EXHIBIT A**

Copy from re:SearchTX

**Case No. 2018DCV4112**

| | |
|---|---|
| GESPA Nicaragua, S.A. | IN THE DISTRICT COURT |
| *Plaintiff*, | |
| v. | |
| Inabata Europe GmbH, | 120TH JUDICIAL DISTRICT |
| Recom AG, | |
| Flextronics International USA, Inc., | |
| Flextronics Automotive USA, LLC, and | |
| MKG GmbH Montagebau Karl Göbel, | EL PASO COUNTY, TEXAS |
| *Defendants*. | |

## NOTICE OF DEPOSITION

To:

Defendant Inabata Europe GmbH by and through its attorneys of record,
 T. GREGORY JACKSON
 1717 MAIN STREET, SUITE 3200
 DALLAS, TEXAS 75201

Defendant Recom AG by and through its attorneys of record,
 PRICSILLA CASTILLO
 5845 CROMO DR., SUITE 2
 EL PASO, TEXAS 79912

Defendant Flextronics Automotive USA, LLC. and Flextronics International USA, Inc.
by and through its attorneys of record,
 J. SCOTT MANN
 221 N. KANSAS, SUITE 1700
 EL PASO, TEXAS 79901

Defendant MKG GmbH Montagebau Karl Göbel ("MKG") by and through its attorneys
of record,
 DAVID MIRAZO
 100 N STANTON STREET, SUITE 1000
 EL PASO, TEXAS 79901

PLAINTIFF, in the above styled and numbered cause, pursuant to Rule 199 of the Texas

Rules of Civil Procedure, submits this Notice of Deposition.

---

**EXHIBIT B**

Copy from re:SearchTX

PLEASE TAKE NOTICE THAT, Plaintiff will take the deposition of the persons as set forth in Exhibit "A" to this Notice of Deposition, before a certified court reporter, and will continue from day to day, Sundays and holidays excluded, until completed.

NOTICE IS FURTHER GIVEN THAT, in addition to being recorded in a stenographic method, the deposition may also be videotape recorded. A recording of the deposition may be used at trial in accordance with the law.

PLEASE TAKE FURTHER NOTICE THAT, at least five working days prior to the deposition, copies of the documents described in Exhibit "B" attached to this Notice of Deposition shall be produced to Plaintiff's counsel at 110 Industrial Drive, Boerne, Texas 78006 by electronic method and brought to the deposition.

June 25, 2019

       */s/ Joshua H. Sisam*
       Joshua H. Sisam, Esq.
        TX# 24079346
        MN # 394786
       SISAM & ASSOCIATES, LLP
       110 Industrial Dr.
       Boerne, Texas 78006
       Tel. No. (830) 428-0333
       Fax No. (830) 331-1027

       ATTORNEY FOR PLAINTIFF

Copy from re:SearchTX

**EXHIBIT "A"**

| Defendant | Name of the Deponent | Date of Deposition | Time | Location |
|---|---|---|---|---|
| Inabata Europe GmbH | Kazuto Oishi | July 11, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| Recom AG, | Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit | July 10, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| Flextronics International USA | Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit. | July 9, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| MKG GmbH Montagebau Karl Göbel | Person Most Knowledgeable about the Receipt, Installation and Modification of the solar panels which are the subject of this Lawsuit. | July 12, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |

**EXHIBIT B**

Copy from re:SearchTX

## EXHIBIT "B"

During the Deposition, provide or have available the following:

1. The deponent's current *resume*; curricula vitae or other similar document describing the education, training, work history, and experience.

2. Any and all documents that deponent has used to prepare for the deposition or were used to refresh recollection.

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on the 25th day of April 2019 a true and correct copy of the above and foregoing document has been sent to the following pursuant to Texas Rules of Civil Procedure to Defendant by way of the following counsel of record, by way of the Electronic Court Filing System:

T. GREGORY JACKSON
1717 MAIN STREET, SUITE 3200
DALLAS, TEXAS 75201

PRICSILLA CASTILLO
5845 CROMO DR., SUITE 2
EL PASO, TEXAS 79912

J. SCOTT MANN
221 N. KANSAS, SUITE 1700
EL PASO, TEXAS 79901

DAVID MIRAZO
100 N STANTON STREET, SUITE 1000
EL PASO, TEXAS 79901

_/s/ Joshua H. Sisam_
Joshua H. Sisam, Esq.

Copy from re:SearchTX

# EXHIBIT Z

El Paso County - 120th District Court                                    Filed 6/27/2019 5:08 PM
Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 123 of 145
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

IN THE 120TH DISTRICT COURT

OF EL PASO, TEXAS

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2018DCV4112 |
| | § | |
| INABATA EUROPE GMBH, RECOM | § | |
| AG, FLEXTRONICS INTERNATIONAL | § | |
| USA, INC., FLEXTRONICS | § | |
| AUTOMOTIVE USA, LLC, AND MKG | § | |
| GMBH MONTAGEBAU KARL GLÖBEL, | § | |
| | § | |
|     Defendants. | § | |

### SUBJECT TO ITS SPECIAL APPEARANCE, DEFENDANT'S MOTION TO QUASH NOTICES OF DEPOSITION AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

RECOM A.G., referred to herein as "Defendant", subject to its Special Appearance, files this motion to quash the notices of deposition and to grant a protective order, and would show the Court as follows:

1.    On June 25, 2019, Plaintiff GESPA NICARAGUA, S.A. ("Plaintiff") issued Notices of Deposition for representatives of each of the defendants in this matter to be held July 9-12, 2019. *See* Exhibit 1.  Specifically, Plaintiff set the deposition of Defendant's "Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this lawsuit" for July 10, 2019 at 9:00 a.m., at 221 N. Kansas Street, Suite 700, El Paso, Texas.  Plaintiff also submitted a subpoena for deposition duces tecum for non-party, Expeditors International of Washington, for June 8, 2019. *See* Exhibit 2.

2.    Plaintiff noticed this deposition without conferring with counsel for Defendant and without taking notice of the Vacation Notice filed by Defendant's counsel on June 18, 2019.

3.      Defendant objects to the designated date and time of the depositions.  Defendant is unable to attend the depositions scheduled on those dates.

4.      Defendant further objects as to the scope of the topics for the deposition because they are not properly limited to jurisdictional issues. In addition, Plaintiff has not shown that jurisdictional discovery is necessary.

5.      This motion to quash is filed within three (3) business days after service of the notices of deposition and as such, the depositions are stayed pursuant to Texas Rule of Civil Procedure 199.4.

For these reasons, subject to its Special Appearance, Defendant respectfully requests that the foregoing depositions be quashed and that the Court grant Defendant any additional or further relief to which they may be justly entitled.

Respectfully submitted,

**MOSS LEGAL GROUP, PLLC**
5845 Cromo Dr., Suite 2
El Paso, Texas  79912
(915) 703-7307
(915) 703-7618 Telecopier

By:     */s/Priscilla M. Castillo*
**PRISCILLA M. CASTILLO**
State Bar No. 24076531
Priscilla@mosslegalsolutions.com
**M. MITCHELL MOSS**
State Bar No. 00784647
Mitch@mosslegalsolutions.com
Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

In compliance with Texas Rule of Civil Procedure 21a(e), the undersigned counsel, certifies that on this 27th day of June 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21(f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a(a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a(a)(2).

The following parties or attorney(s) are served with the foregoing document:

Peter Huston (PHV)
Baker Botts L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111
Peter.huston@bakerbotts.com
Matthew B. Allen
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
Matt.allen@bakerbotts.com

Joshua H. Sisam
Sisam & Associates LLP
110 Industrial Drive
Boerne, TX 78006
*Attorney for Plaintiff*

J. Scott Mann
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, TX 79901
Scott.mann@kempsmith.com

*Attorneys for Flextronics International USA, Inc.*
*And Flextronics Automotive USA (TEXAS), LLC*

David Mirazo
Mounce Green Myers Safi
Paxson & Galatzan, P.C.
100 N. Stanton Street, Ste. 1000
El Paso, TX 79901
mirazo@mgmsg.com
*Attorneys for MKG*

*/s/ Priscilla M. Castillo*
**PRISCILLA M. CASTILLO**

**EXHIBIT 1**

Case No. **2018DCV4112**

| | |
|---|---|
| GESPA Nicaragua, S.A. | |
| *Plaintiff*, | IN THE DISTRICT COURT |
| v. | |
| Inabata Europe GmbH, | 120TH JUDICIAL DISTRICT |
| Recom AG, | |
| Flextronics International USA, Inc., | |
| Flextronics Automotive USA, LLC, and | |
| MKG GmbH Montagebau Karl Göbel, | EL PASO COUNTY, TEXAS |
| *Defendants*. | |

## <u>NOTICE OF DEPOSITION</u>

To:

Defendant Inabata Europe GmbH by and through its attorneys of record,

     T. GREGORY JACKSON

     1717 MAIN STREET, SUITE 3200

     DALLAS, TEXAS 75201

Defendant Recom AG by and through its attorneys of record,

     PRICSILLA CASTILLO

     5845 CROMO DR., SUITE 2

     EL PASO, TEXAS 79912

Defendant Flextronics Automotive USA, LLC. and Flextronics International USA, Inc. by and through its attorneys of record,

     J. SCOTT MANN

     221 N. KANSAS, SUITE 1700

     EL PASO, TEXAS 79901

Defendant MKG GmbH Montagebau Karl Göbel ("MKG") by and through its attorneys of record,

     DAVID MIRAZO

     100 N STANTON STREET, SUITE 1000

     EL PASO, TEXAS 79901

PLAINTIFF, in the above styled and numbered cause, pursuant to Rule 199 of the Texas Rules of Civil Procedure, submits this Notice of Deposition.

PLEASE TAKE NOTICE THAT, Plaintiff will take the deposition of the persons as set forth in Exhibit "A" to this Notice of Deposition, before a certified court reporter, and will continue from day to day, Sundays and holidays excluded, until completed.

NOTICE IS FURTHER GIVEN THAT, in addition to being recorded in a stenographic method, the deposition may also be videotape recorded.  A recording of the deposition may be used at trial in accordance with the law.

PLEASE TAKE FURTHER NOTICE THAT, at least five working days prior to the deposition, copies of the documents described in Exhibit "B" attached to this Notice of Deposition shall be produced to Plaintiff's counsel at 110 Industrial Drive, Boerne, Texas 78006 by electronic method and brought to the deposition.

June 25, 2019

*/s/ Joshua H. Sisam*
Joshua H. Sisam, Esq.
  TX# 24079346
  MN # 394786
SISAM & ASSOCIATES, LLP
110 Industrial Dr.
Boerne, Texas 78006
Tel. No. (830) 428-0333
Fax No. (830) 331-1027

ATTORNEY FOR PLAINTIFF

**EXHIBIT "A"**

| **Defendant** | **Name of the Deponent** | **Date of Deposition** | **Time** | **Location** |
|---|---|---|---|---|
| Inabata Europe GmbH | Kazuto Oishi | July 11, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| Recom AG, | Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit | July 10, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| Flextronics International USA | Person Most Knowledgeable about the History, Sale, and Installation Support for the solar panels which are the subject of this Lawsuit. | July 9, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |
| MKG GmbH Montagebau Karl Göbel | Person Most Knowledgeable about the Receipt, Installation and Modification of the solar panels which are the subject of this Lawsuit. | July 12, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |

**EXHIBIT "B"**

During the Deposition, provide or have available the following:

1.  The deponent's current *resume*; curricula vitae or other similar document describing the education, training, work history, and experience.

2.  Any and all documents that deponent has used to prepare for the deposition or were used to refresh recollection.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on the 25th day of April 2019 a true and correct copy of the above and foregoing document has been sent to the following pursuant to Texas Rules of Civil Procedure to Defendant by way of the following counsel of record, by way of the Electronic Court Filing System:

T. GREGORY JACKSON
1717 MAIN STREET, SUITE 3200
DALLAS, TEXAS 75201

PRICSILLA CASTILLO
5845 CROMO DR., SUITE 2
EL PASO, TEXAS 79912

J. SCOTT MANN
221 N. KANSAS, SUITE 1700
EL PASO, TEXAS 79901

DAVID MIRAZO
100 N STANTON STREET, SUITE 1000
EL PASO, TEXAS 79901

*/s/ Joshua H. Sisam*
Joshua H. Sisam, Esq.

**EXHIBIT 2**

**Case No. 2018DCV4112**

| | |
|---|---|
| GESPA Nicaragua, S.A. | |
| *Plaintiff*, | IN THE DISTRICT COURT |
| v. | |
| Inabata Europe GmbH, | 120TH JUDICIAL DISTRICT |
| Recom AG, | |
| Flextronics International USA, Inc., | |
| Flextronics Automotive USA, LLC, and | |
| MKG GmbH Montagebau Karl Göbel, | |
| | EL PASO COUNTY, TEXAS |
| *Defendants* | |

## SUBPOENA FOR DEPOSITION DUCES TECUM

TO: ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN TEXAS RULE OF CIVIL PROCEDURE 176.5.

You are commanded to summon the persons as set forth in Exhibit "A," who's registered agent is located at 1701 Directors Blvd., Suite 300 Austin, Texas 78744 USA, to appear at the location identified in Exhibit "A", to attend and give testimony at a deposition in this case on behalf of the Plaintiff, to produce and permit inspection and copying of documents or tangible things, as identified in Exhibit "B", to be used as evidence in this case, and to remain in attendance from day to day until lawfully discharged.

This subpoena was issued pursuant to Tex. R. Civ. P. 176.4(b), at the request of Plaintiff GESPA Nicaragua, S.A., whose attorney of record is Joshua H. Sisam, Attorney at law, 110 Industrial Dr. Boerne TX 78006, Telephone: (830) 428-0333, Facsimile (830) 331-1027.

**CONTEMPT.** Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement or both. Tex. R. Civ. P. 176.8(a).

**DO NOT FAIL** to return this writ to the 120th Judicial District Court, El Paso County, TX, with either the attached officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED on June 25, 2019

Respectfully submitted,

Joshua H. Sisam, Esq.
  TX# 24079346
  MN # 394786
SISAM & ASSOCIATES, LLP
110 Industrial Dr.
Boerne, Texas 78006
Tel. No. (830) 428-0333
Fax No. (830) 331-1027


BY: _____
         Joshua H. Sisam
         Tx Bar No:  24079346

**ATTORNEY FOR PLAINTIFF**

**EXHIBIT "A"**

| Name of the Deponent | Date of Deposition | Time | Location |
|---|---|---|---|
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC's Person Most Knowledgeable about the receipt, preparation & delivery of the solar panels which are the subject of this Lawsuit. | June 8th, 2019 | 9:00am CST | 221 N. Kansas Street, Suite 700 El Paso, Texas 79901 |

**EXHIBIT "B"**

During the Deposition, provide or have available the following:

1. The deponent's current *resume*; curricula vitae or other similar document describing the education, training, work history, and experience.

2. Any and all documents that deponent has used to prepare for the deposition or were used to refresh recollection.

3. Any communication between the Deponent or Expeditors International of Washington, Inc dba. Expeditors International Ocean, Inc., and any of the parties involved in the case styled *2018DCV4112*.

## **RETURN OF SERVICE OF SUBPOENA**

I, _____, delivered a copy of this subpoena to the registered agent for EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. dba. Expeditors International Ocean, Inc, in person at 1701 Directors Blvd., Suite 300 Austin, in _____ County, Texas, on _____, 2019, at _____ o'clock ___.m., and tendered to the witness a fee of $ 11 in cash.

**By**: _____

*Person who is not a party to the suit, and is at least 18 years old*

## **ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS**
## **UNDER TEXAS RULE OF CIVIL PROCEDURE 176**

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena.

**Signature of Witness**                                        **Date**

*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\**

I, _____, was unable to deliver a copy of this subpoena to a registered agent of record for EXPEDITORS INTERNATIONAL OF WASHINGTON, INC. dba. Expeditors International Ocean, Inc for the following reasons:

_____

_____.

**FEE FOR SERVICE OF SUBPOENA**: $_____

# EXHIBIT AA

El Paso County - 120th District Court

Case 3:19-cv-00182-PRM   Document 1-5   Filed 07/08/19   Page 138 of 145

Filed 7/2/2019 4:48 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4112

## CAUSE NO. 2018DCV4112

| | |
|---|---|
| **GESPA NICARAGUA, S.A.** | **IN THE DISTRICT COURT** |
| *Plaintiff* | |
| **v** | |
| **INABATA EUROPE GMBH, RECOM AG,** | |
| **FLEXTRONICS INTERNATIONAL USA, INC.,** | **120TH JUDICIAL DISTRICT** |
| **FLEXTRONICS AUTOMOTIVE USA, LLC, AND** | |
| **MKG GMBH MONTAGEBAU KARL GLÖBEL** | |
| *Defendants* | **EL PASO, TEXAS** |

## PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS:
### (1) FLEXTRONICS INTERNATIONAL USA, INC.,
### (2) RECOM AG; AND,
### (3) MKG GMBH MONTAGEBAU KARL GLÖBEL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff (hereinafter referred to as "**Gespa**"), and files this Motion to Compel Depositions and in support would show the Court as follows:

### I.    INTRODUCTION

After the last status hearing, Plaintiff timely noticed the depositions for the purpose of addressing jurisdictional issues.  However, <u>none</u> of the deponents (or their counsel) would make themselves available at <u>any time</u> prior to the hearing on their Motion for Special Appearance,

---

Plaintiff's Motion to Compel Depositions                                   Page **1** of **8**

Copy from re:SearchTX

which is in *less than 30 days* from now.

The purpose of discovery is to seek the truth so that disputes may be decided by what facts are revealed, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). A party may seek discovery of any matter that is relevant to the subject matter and proportional to the needs of the case. *See* Tex. R. Civ. P. 192.3(a), 192.4(b) ; *In re State Farm Lloyds*, 520 S.W.3d 595, 607 (Tex. 2017).   Discovery can include evidence that may be inadmissible as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Tex. R. Civ. P. 192.3(a)

For this specific reason, Gespa respectfully requests that this Honorable Court compel the depositions of (1) Flextronics International, USA. Inc ("**Flextronics**"); (2) RECOM AG ("**Recom**"); and (3) MKG GMBH Montagebau Karl Glöbel ("**MKG**").

## II.   PROCEDURAL HISTORY

This action was originally filed in federal court.  About nine months later, the federal court dismissed this matter, ***without prejudice,*** want of subject matter jurisdiction.

**Exh. 1.**  Therefore, this action was re-filed in State Court.

### A.   First Deposition Notice

On April 26, 2019, Gespa's counsel served its first Notice of Deposition on counsel for the Defendant, Flextronics.  Specifically, the deposition requested:

> Person most knowledgeable about the *source* and *origin* of the solar panels delivered to Nicaragua which are the subject of this lawsuit.

**Exh. 2** (emphasis added)(scheduled for May 15, 2019). There is no legitimate dispute, Gespa is entitled to take the deposition of Flextronics corporate representative.

Nevertheless, on May 1, 2019, Flextronics filed an *unsupported,* Motion to Quash Deposition, thereby invoking an automatic stay of the deposition, pursuant to Tex. Civ. P. Rule 122.  As set

---

Copy from re:SearchTX

forth below, Flextronics Motion to Quash is defective, as a matter of law.

Moreover, to date, the Flex has still _not_ identified its corporate representative, _nor_ has it even proposed alternative dates.  Therefore, this _Motion to Compel_ identification and attendance at the Deposition has become necessary.

### B.  Third Scheduling Conference

On May 20, 2019, Defendant MKG filed its Special Appearance raising a fact issue on lack of personal jurisdiction.

On June 17, 2019, Defendant RECOM, also filed its Special Appearance raising a fact issue on lack of personal jurisdiction.

On June 18, 2019, this Honorable Court held a third status conference.  This time, Counsel for Defendant Inabata also made an appearance and actively participated in the hearing.

During the hearing, the parties discussed discovery and even the need for depositions to address defendant's fact issues surrounding jurisdiction.

As a result of this conference, on June 21, 2019, the Court issued an Order to Set Hearing on Special Appearances for August 1, 2019 to address Defendants MKG and RECOM's Special Appearances.  **Exh. 3.**

### C.  Second Deposition Notice

Pursuant to the Court's guidance, on June 26, 2019, Plaintiff GESPA sent written discovery requests which were tailored toward jurisdiction issues.    In addition, Plaintiff GESPA sent a Notice of Depositions to Defendants (1) Flextronics, (2) MKG, and (3) RECOM for the same purpose.  **Exh. 4**.

On June 27, 2019, Flextronics filed a Motion to Quash Deposition.

On June 27, 2019, MKG, filed a Motion to Quash Deposition.

Copy from re:SearchTX

On June 27, 2019, RECOM, filed a Motion to Quash Deposition.

Therefore, this Motion to Compel identification and attendance at the Dispositions has become necessary.

### III.   <u>AUTHORITIES AND ARGUMENT</u>

<u>First</u>, The Texas Rules of Civil Procedure are clear regarding noticing depositions:

> **Time to notice deposition.**  A notice of intent to take an oral deposition must be served on the witness and all parties a *reasonable time* before the deposition is taken.

Tex. R. Civ. Proc. 199.2(a)(emphasis added).  In the case at bar, Plaintiff Gespa provided notice to the Defendants – ***14 to 19 days*** – before the depositions were to be taken.   **Exh. 2** and **Exh.4.** There is no legitimate dispute that the notice provided Defendants with "*reasonable time.*"

Furthermore, case law is clear, as a general rule, ten days' notice is reasonable.  See, *Guitierrez v. Walsh,* 748 S/w/2d 27, 28 (Tex.App.—Corpus Christi 1988, no writ)(<u>Six</u> days was reasonable), *and Bohmfalk v. Linwood*, 742 S.W.2d 518, 520 (Tex.App. —Dallas 1987, no writ)(<u>four</u> days was reasonable).  Defendants have had enough time to *prepare* its witnesses.

<u>Second</u>, Each of Defendants' Motions to Quash are, *on their face*, defective.  The Texas Rules of Civil Procedure (and the pertinent case law) is clear, if a party seeks protection from the place or time of the deposition, that party <u>must</u> identify an alternative reasonable time and place for the deposition with which Defendant will comply as required by TRCP Rule 192.6(a).  *See also, Grass v. Golden*, 153 S.W.3d 659, 662 (Texas.App. —Tyler 2004, orig. proceeding).  Each and every Defendants has failed to identify their availability.  Therefore, as a matter of law, their Motions to Quash were defective.

<u>Third,</u> the Texas Rules further provide:

> If an organization is named as the witness, the notice must describe with *reasonable particularity* the matters on which examination is requested.

---

Copy from re:SearchTX

Tex. R. Civ. Proc. 199.2(b)(1)(emphasis added). In the case at bar, Gespa was very specific in its identification of the matter on which examination was requested. Specifically, the Notice for both Recom and Flex identified:

> Person Most Knowledgeable about the <u>*History*</u>, <u>*Sale*</u>, and Installation <u>*Support*</u> for the Solar Panels which are the subject of this Lawsuit.

**Exh 4**, at 3 (emphasis added). While the deposition notice for MKG identified:

> Person Most Knowledgeable about the <u>*Receipt*</u>, <u>*Installation*</u> and <u>*Modification*</u> of the Solar Panels which are the subject of this Lawsuit

*Id.* There is no legitimate dispute that the deponents were described with "*reasonable particularity*" regarding the matters on which examination was requested.

Nevertheless, Defendants still have not even identified their company representative as required by the very same rule they relied on for their automatic stay. Rule 199.2 expressly provides

> In response, the organization named in the notice <u>*must*</u>—a reasonable time *before* the deposition—designate one or more individuals to testify on its behalf <u>*and*</u> set forth, for each individual designated, the matters on which the individual will testify.

> Each individual designated <u>*must*</u> testify as to matters that are known or reasonably available to the organization.

Tex. R. Civ. Proc. 199.2(b)(1)(emphasis added). Defendant has failed to do so.

**Fourth,** pursuant Rule 120a, the Court must make its jurisdictional decision based on pleadings, <u>and</u> the results of the discovery <u>and</u> oral depositions to verify facts surrounding jurisdiction.

Contrary to Defendants' argument, there is <u>*nothing*</u> in Rule 120a (Special Appearance) that <u>*limits*</u> discovery to matters of jurisdiction. Rule 120a expressly authorizes special appearance jurisdictional discovery; and participation in this general appearance does not constitute a waiver

Copy from re:SearchTX

of a special appearance. Rule 120a(3) further states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to *permit affidavits* to be obtained or *depositions* be taken or *discovery* be had or may make such other order as is just.

Tex. R. Civ. Proc. 199.2(b)(1)(emphasis added)

The Court has already set the hearing date for Defendant's Special Appearances (less than 30 days from now). It is apparent that the Defendants MKG and Recom have filed their motion to quash in attempt to block the Plaintiff from obtaining discovery to challenge the factual assertions made in Defendant's Special Appearance.

## IV.   **CONCLUSION**

Again, it should go without saying, the purpose of discovery is to seek the truth so that disputes may be decided by what facts are revealed, not by what facts are concealed. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 555 (Tex. 1990). A party may seek discovery of any matter that is relevant to the subject matter and proportional to the needs of the case. *See* Tex. R. Civ. P. 192.3(a), 192.4(b) ; *In re State Farm Lloyds*, 520 S.W.3d 595, 607 (Tex. 2017). Discovery can include evidence that may be inadmissible as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Tex. R. Civ. P. 192.3(a) Therefore, Gespa respectfully requests that this Honorable Court to Compel:

**(1)** each Defendant to designate the individual to testify and to state the matter on which the individual will testify;

**(2)** the deposition of Defendant Flextronics' *Person Most Knowledgeable about the Source and Origin of the solar panels delivered to Nicaragua which are the subject of this Lawsuit*;

**(3)** the deposition of Defendants Recom and Flextronics' *Person Most*

---

Copy from re:SearchTX

*Knowledgeable about the <u>History</u>, <u>Sale</u>, and Installation <u>Support</u> for the solar panels which are the subject of this Lawsuit;*

(**4**) the deposition of Defendant MKG's *Person Most Knowledgeable about the <u>Receipt</u>, <u>Installation</u> and <u>Modification</u> of the solar panels which are the subject of this Lawsuit*;

(**5**) each of the Defendants to produce the documents requested in their deposition notices; and,

(**6**) grant any other relief the Court deems just and proper under the circumstances including, but not limited to, Plaintiff's attorney fees and costs.

Such an order is consistent with the rules of procedure.  Furthermore, although not required under Rule 120a, each of these issues bear directly on the various Defendants' minimum contacts with the State of Texas.

Dated: July 3, 2019.                         Respectfully submitted,


By: <u>*/s/ Joshua H. Sisam*</u>

Joshua H. Sisam, *Esq.*
    TX No. 24079346
    MN No. 0394786

**Sisam & Associates LLP**
110 Industrial Dr.
Boerne, Texas 78006
(830) 428-0333 – Office
(830) 331-1027 – Fax

**ATTORNEY FOR PLAINTIFF**

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to Rule 21a of the Texas Rules of Civil Procedure, on the 3rd, day of July 2019, a copy of the foregoing: PLAINTIFF'S MOTION COMPEL DEPOSITIONS was filed electronically.  A copy has been served to all counsel of record via the e-filing notification system of efile.txcourts.gov:

*/s/ Joshua H. Sisam*
Joshua H. Sisam, Esq.

---

Copy from re:SearchTX