# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| GESPA NICARAGUA, S.A.,<br>    **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§ | |
| INABATA EUROPE, GMBH;<br>RECOM AG; FLEXTRONICS<br>INTERNATIONAL USA,<br>INC.; FLEXTRONICS<br>AUTOMOTIVE USA<br>(TEXAS), LLC; and MKG<br>GMBH MONTAGEBAU<br>KARL GLOBAL,<br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-19-CV-182-PRM** |

## <u>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO REMAND</u>

On this day, the Court considered:

- Defendant Inabata Europe Gmbh's [hereinafter "Defendant Inabata"] "Notice of Removal" (ECF No. 1), filed on July 8, 2019;

- Plaintiff GESPA Nicaragua, S.A.'s [hereinafter Plaintiff] "Motion to Remand to State Court" (ECF No. 12) [hereinafter "Motion to Remand"], filed on August 7, 2019;

- Defendant Inabata's "Response to Motion to Remand" (ECF No. 20) [hereinafter "Remand Response"], filed on August 14, 2019;

- Plaintiff's "Reply in Support of Remand" (ECF No. 21) [hereinafter "Remand Reply"], filed on August 21, 2019;

- Defendant Inabata's "Motion to Dismiss" (ECF No. 24), filed on September 4, 2019;

- Plaintiff's "Collective Response in Opposition to Motions to Dismiss ECF 24, 26, and 27" (ECF No. 28) [hereinafter "Motion to Dismiss Response"], filed on September 18, 2019; and

- Defendant Inabata's "Reply in Support of Its Motion to Dismiss" (ECF No. 31) [hereinafter "Motion to Dismiss Reply"], filed on September 25, 2019, in the above captioned cause.

After due consideration, the Court is of the opinion that Defendant Inabata's Motion to Dismiss should be granted on the basis of collateral estoppel, removing Defendant Inabata from the cause. Without Defendant Inabata as a party, the Court lacks subject matter jurisdiction. Accordingly, the Court is of the opinion that Plaintiff's Motion to Remand should be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiff is a foreign firm with its principal place of business in Managua, Nicaragua, which acted as the Engineering, Procurement, and Construction contractor for a solar generating facility near Puerto Sandino, Nicaragua [hereinafter "the Project"]. Notice Removal Ex. A, at 1–3. While coordinating the development of the Project, Plaintiff contracted to purchase solar panels from Defendant Inabata, a German

corporation. *Id.* at 3, 6. Plaintiff initiated the above-captioned cause alleging that on or about October, 2016, through December, 2016, Defendant Inabata conspired with the other named Defendants to fraudulently provide Plaintiff with the wrong solar panels for the Project. *Id.* at 2, 19. To further illuminate the underlying facts of the above-captioned cause, the Court reviews the contractual relationships and conduct of the parties.

### 1. Contractual Agreements of the Parties

In order to complete the Project, Plaintiff entered into a sales agreement [hereinafter "the Sales Agreement"] with Defendant Inabata to purchase 46,000 "Recom Bla[c]k Panther"[1] solar panels and "related components required for the solar facility." *Id.* at 6–7. According to Plaintiff, the Sales Agreement "very specifically designated that the solar panels be delivered as *Black Panther* panels." *Id.* at 7. Further, Defendant Inabata agreed to "provide short term financing [for] the purchase of the panels and components on the condition that Plaintiff would use [the] Recom Black Panther solar panels of its affiliate,

---

[1] Defendant Recom AG [hereinafter "Defendant Recom"] is a German corporation that sells solar panels, including Black Panther panels. Recom AG's Mot. Dismiss 1–3, Sept. 11, 2019, ECF No. 26.

Defendant Recom." *Id.* The parties included a forum selection clause in the Sales Agreement, reading:

> The Parties hereto [Plaintiff and Defendant Inabata] agree that the law of Germany shall apply, and voluntarily submit to jurisdiction and venue in the courts of Düsseldorf as the exclusive place of jurisdiction (venue) for any and all disputes which may arise out of this Agreement or in connection therewith.

Mot. Dismiss Ex. C, at 6.

In addition to the Sales Agreement with Plaintiff, Defendant Inabata entered into a separate "Commission and Set-off Agreement" [hereinafter "the Commission Agreement"] with Defendant Recom. Not. Removal Ex. A, at 63. Pursuant to the Commission Agreement, Defendant Recom agreed to "intermediate" a transaction between Defendant Inabata and Defendant Flextronics International USA, Inc. [hereinafter "Defendant Flex"][2] to purchase solar panels. *Id.* at 63. The Commission Agreement specifies that the panels would be "270Wp Mono Full Black PV modules," but does not clarify whether the panels

---

[2] The Court will refer to both Flextronics International USA, Inc. and Flextronics Automotive USA (Texas), LLC, as "Defendant Flex." The two entities often operate in conjunction. They are both Texas corporations which have principal places of business in El Paso, Texas and Plano, Texas. Not. Removal Ex. A, at 3–4.

would be Recom Black Panther panels. *Id.* The Commission Agreement also provides that it shall be "construed under the laws of Germany and any dispute to arise from or in relation to the specific agreement shall be settled by the Courts of Düsseldorf." *Id.* at 64.

Plaintiff entered into a "construct and install" agreement [hereinafter "the Install Agreement"] with Defendant MKG GmbH Montagebau Karl Globel [hereinafter "Defendant MKG"][3] to install the solar panels onsite in Nicaragua. Not. Removal Ex. A, at 7. Pursuant to the Install Agreement, Defendant Inabata would provide the majority of the "components, equipment and material to install the specified *Black Panther* panels" directly to Defendant MKG, which would then install the panels. *Id.* at 7. The Install Agreement provides that "the court of jurisdiction for any dispute arising out of or relating to this Letter Agreement, or the validity thereof shall be the Kingdom of Netherlands." Def. MKG's Mot. Dismiss Pl's. Am. Verified Compl. Under Federal Rules of Civil Procedure 12(b)(1), (2), (3), and 12(b)(6), at

---

[3] Defendant MKG is a limited liability company incorporated and with its principle place of business in Germany. Def. MKG's Mot. Dismiss Pl's. First Am. Compl. Under Federal Rules of Civil Procedure 12(b)(1), (2), (3), and 12(b)(6) [hereinafter "MKG Motion to Dismiss"], Sept. 12, 2019, ECF No. 27.

19, *GESPA Nicaragua, S.A. v. Inabata Europe GmbH, et al.*, No. EP-17-CV-306-PRM (W.D. Tex. July 27, 2018), ECF No. 86.

## 2. Conduct of the Parties

Pursuant to the Commission Agreement, Defendant Flex shipped over 46,000 solar panels from its warehouse in El Paso, Texas to Nicaragua. First Am. Compl. 3, Aug. 21, 2019, ECF No. 22. Plaintiff contends that Defendants conspired to fraudulently provide Plaintiff with panels "from a SunEdison[4] bankruptcy," rather than Recom Black Panther solar panels. *Id.* at 2.

Plaintiff alleges that as part of the conspiracy, Defendant Flex hired a contractor in El Paso, Texas to remove SunEdison labels on the solar panels themselves, or place counterfeit labels over old SunEdison labels. *Id.* at 3. Plaintiff also alleges that "Defendants Flex, Recom, and Inabata . . . worked in concert to cover the 'Sun Edison' logo on the shipping boxes" containing the panels. *Id.* Plaintiff contends that to cover up the fraud in Nicaragua, Defendant MKG "attempted to destroy all of the shipping boxes before Plaintiff could discover that they had received SunEdison panels with counterfeit labels." *Id.*

---

[4] SunEdison is a corporation not party to the above-captioned cause.

After the panels arrived in Nicaragua, Plaintiff "became suspicious of the true identity of the panels." *Id.* at 11. Accordingly, Plaintiff made inquiries about the panels, "including multiple emails, telephone conferences and in-person conferences in Nicaragua and Florida." *Id.* Plaintiff alleges that Defendants, in response, stated that the "relabeled SunEdison panels were actually the correct Black Panther panels." *Id.* at 11–12. For example, Hamlet Tunyan of Defendant Recom wrote in an e-mail that his firm had sold Plaintiff "RECOM modules that were produced by Flex and not SunEdison." *Id.* Ex. 7, at 1.

As a result of receiving a different type of solar panel for the Project in Nicaragua, Plaintiff alleges that it suffered economic harm, including impacts to the "financing, insurability, marketability, regulatory authorization, and ultimate viability of the Project." *Id.* at 26. Plaintiff also alleges it lost the ability to complete phase two and three of the Project. *Id.* According to Plaintiff, its "contracting, permitting, financing, insurance, and engineering were all premised on the use of a specific solar panel known as a 'RECOM Black Panther,'" which it did not receive from the Defendants. *Id.* at 2.

## B. Procedural Background

This dispute between the parties now comes before the Court for the second time, as a result of Plaintiff obtaining a voluntary dismissal in a prior action, refiling its claims in state court, and Defendant Inabata removing those claims to the Court. The Court reviews each of the actions associated with this dispute in turn.

### 1. *GESPA Nicaragua, S.A. v. Inabata Europe GmbH, et al.,* No. EP-17-CV-306-PRM (W.D. Tex. July 27, 2018) [hereinafter "*GESPA I*"]

Plaintiff first filed an action before the Court regarding Defendants' alleged fraud on October 2, 2017. Mot. Dismiss Ex. D. In its original complaint, Plaintiff alleged three causes of action—fraudulent misrepresentation, conspiracy to commit fraud, and unjust enrichment and breach of contract (pled in the alternative)—against all Defendants. *Id.* at 7–12. Additionally, Plaintiff alleged a claim only against Defendant Inabata pursuant to 18 U.S.C. § 1962(c)—the Racketeer Influenced and Corrupt Organizations [hereinafter "RICO"] Act. *Id.* at 9. The original complaint did not mention a forum selection clause. *Id.*

On January 24, 2018, Defendant Inabata filed its "Motion to

Dismiss Plaintiff's Complaint Under the Doctrine of Forum Non Conveniens" Mot. Dismiss Ex. A, at 6–7. Defendant Inabata alleged that the Court should dismiss the action because the Sales Agreement between Defendant Inabata and Plaintiff contained a valid forum selection clause, designating Germany as the parties' exclusive forum for dispute resolution. *Id.* at 7.

In response, Plaintiff argued that Defendant Inabata fraudulently induced the forum selection clause in favor of Germany in the Sales Agreement, invalidating the clause. Pl's Resp. Opp'n Def. Recom AG's Mot. Dismiss 12, *GESPA I*, ECF No. 72. Specifically, Plaintiff alleged that in agreeing to a forum selection clause in favor of Germany, it had relied on Defendants' representations that Plaintiff would receive Recom Black Panther panels meeting German quality assurance standards pursuant to the Sales Agreement. First Am. Verified Compl. Jury Demand 17, *GESPA I*, ECF No. 78. Mr. Morten Nygart, the largest shareholder and principle control person of Plaintiff, also stated in a declaration that "Plaintiff would never have agreed to any forum other that Texas, United States, if we had known that the panels were being sent from Texas." Decl. Morten Nygart, *GESPA I*, ECF No. 57-1.

The Court granted Defendant Inabata's Motion to Dismiss on March 29, 2018. Mot. Dismiss Ex. A, at 27. Accordingly, the Court entered a partial final judgment dismissing Defendant Inabata pursuant to Rule 54(b). Mot. Dismiss 4. In conducting a *forum non conveniens* analysis, the Court determined that the forum selection clause in the Sales Agreement was enforceable and mandatory, requiring Plaintiff to assert its claims against Defendant Inabata in the "courts of Dusseldorf," Germany, where there was exclusive venue and jurisdiction. Mot. Dismiss Ex. A, at 11.

As to the Plaintiff's fraudulent inducement arguments, the Court found that Plaintiff failed "to demonstrate that the forum selection clause itself was the product of fraud." *Id.* at 14. In other words, the Court found any possible fraudulent inducement that might have occurred, in this case inducement related to Defendants' misrepresentations, did not affect the parties adopting the forum selection clause as part of the Sales Agreement. *Id.*

On May 8, 2018, Defendant appealed the Court's dismissal on the basis of *forum non conveniens.* Notice of Appeal, *GESPA I*, ECF No. 80. In the appeal, Plaintiff alleged that (1) Defendant Inabata procured the

forum selection clause in the Sales Agreement by fraud, (2) the forum selection clause contravened a strong public policy of the forum state, and (3) the Court should have performed a severance analysis based on multiple parties' forum selection clauses. Br. Pet'r. Appellant 18–19, *GESPA Nicaragua, S.A. v. Inabata Europe GmbH, et al.*, No. 18-50383 (5th Cir. Aug. 6, 2018) (Doc. No. 514587963). On October 17, 2018, after briefing by Defendant Inabata, the Fifth Circuit granted Plaintiff's unopposed motion to dismiss the appeal without prejudice. Mot. Dismiss Ex. E.

## 2. The Above-Captioned Cause [or alternatively "*GESPA II*"]

Here, in *GESPA II,* Plaintiff filed its "Original Petition and Jury Demand" [hereinafter "Petition"] in the 120th District Court of El Paso County on October 31, 2018, fourteen days after the Fifth Circuit's voluntary dismissal of *GESPA I.* Not. Removal Ex. A. Therein, Plaintiff alleges causes of action for fraud, conspiracy, and unjust enrichment and breach of contract against all named Defendants. *Id.* at 12–22. Plaintiff alleges a RICO claim only against Defendant Inabata. *Id.* at 17.

For the first time before the Court, Plaintiff alleges that

11

Defendant Inabata requires a forum in Germany, Defendant MKG requires a forum in the Netherlands, Defendant Flex requires a forum in Texas, and Defendant Recom requires a forum outside of the United States. *Id.* at 11. According to Plaintiff, each of the Defendants has "implemented conflicting forum selection clauses into their respective agreements" in order to "preclude the Plaintiff from having the entire matter heard in a single forum." *Id.*

Plaintiff again alleges that Defendant Inabata fraudulently induced the forum selection clause in favor of Germany. In its "First Amended Complaint" (ECF No. 22) [hereinafter "Amended Petition"], filed on August 21, 2019, Plaintiff takes the position that on or about August 1, 2016, Mr. Nygart stated to Katzuto Oishi, of Defendant Inabata, that Plaintiff wanted the forum selection clause to have "all dispute[s] resolved in Denmark." Am. Pet. 13. However, in the same conversation, Plaintiff alleges that Mr. Nygart relied on Mr. Oishi's representations in agreeing to a forum selection clause in favor of Germany. *Id.* at 14. Specifically, Plaintiff alleges that Oishi represented the panels would pass inspection in Germany and meet a German quality assurance standard, that Defendant Recom, a German

firm, manufactured the panels, that Defendant Recom was a reliable firm, and that Defendant Inabata owned ten percent of Defendant Recom. *Id.* at 13.

On July 8, Defendant Inabata filed its Notice of Removal. Notice Removal 1. Therein, Defendant Inabata asserts that the Court has federal question jurisdiction over the cause on the basis of Plaintiff's RICO claims against Defendant Inabata, pursuant to 18 U.S.C. § 1962(c). *Id.* at 2. On August 7, 2019, Plaintiff moved to remand the action to state court. Mot. Remand 1. Plaintiff argues removal is improper because Defendant Inabata failed to allege it received actual notice of state court proceedings less than thirty days before removal, and Defendants Recom and MKG failed to consent to removal. Mot. Remand 4.

In its Remand Response, Defendant Inabata asserts that its Notice of Removal was timely because the clock for removal does not begin until after formal service. Remand Resp. 4. It also maintains that Defendant MKG and Defendant Recom are not required to consent to removal because the Court does not have personal jurisdiction over these parties. *Id.* at 5. Similarly, Defendant Inabata recommends that

the Court consider whether Defendants Recom and MKG have personal jurisdiction in conjunction with determining Plaintiff's Motion to Remand, dismissing Defendants Recom and MKG and then denying Plaintiff's Motion to Remand. *Id.* at 9. Plaintiff argues in its Remand Reply that remand requires the consent of all parties in the cause because personal jurisdiction over Defendants Recom and MKG is possible. Remand Reply 2–3.

Subsequently, each of the Defendants filed a motion pursuant to Federal Rule of Civil Procedure 12. On September 4, 2019, Defendant Inabata filed its Motion to Dismiss on the basis of collateral estoppel and a lack of personal jurisdiction. Mot. Dismiss 1. Defendant Inabata requests that the Court enforce its forum selection clause in favor of Germany on the basis of collateral estoppel because the Court dismissed Defendant Inabata from *GESPA I* on the basis of *forum non conveniens*, enforcing Defendant Inabata's forum selection clause. *Id.*

In addition, Defendant Recom moved to dismiss the action based on a lack of personal jurisdiction, *forum non conveniens*, and Plaintiff's failure to state a claim. Def. Recom's Mot. Dismiss 2, Sept. 11, 2019, ECF No. 26. Defendant MKG moved to dismiss the action based only

on a lack of personal jurisdiction.  MKG Mot. Dismiss 1, Sept. 12, 2019, ECF No. 27.  Defendant Flex moved for judgment on the pleadings, alleging that Plaintiff did not plead its claims with particularity.  Flex Defs.' FRCP 12(c) Mot. J. Pleadings 1, Nov. 11, 2019, ECF No. 34.

In light of the pending motions and the procedural history of the case, the Court now considers Plaintiff's Motion to Remand and Defendant Inabata's Motion to Dismiss.

## II.  LEGAL STANDARD

### A. Motion to Dismiss on the Basis of Collateral Estoppel

The Fifth Circuit has held that "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994).  Such an affirmative defense includes collateral estoppel, also referred to as issue preclusion. *See Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570–76 (5th Cir. 2005) (affirming dismissal on basis of issue preclusion).  On a motion to dismiss, the court may take judicial notice of matters of public record, including related cases. *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 (5th Cir. 2011).

15

Collateral estoppel provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). The party asserting estoppel bears the burden of proving the defense. *Matter of Merrill*, 594 F.2d 1064, 1067 (5th Cir. 1979) (receded from on other grounds). District courts in the Fifth Circuit apply federal common law when determining whether a prior federal judgment meets the criteria for issue preclusion. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) (citation omitted).

**B. Removal and Remand**

Pursuant to federal law, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Removal from state court raises federalism concerns, which "animate[s] the rule requiring strict construction of removal statutes." *Beiser v.*

*Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). In addition, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

A district court has original jurisdiction over any civil action that "either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties." *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369). The presence of federal-question jurisdiction, arising pursuant to the Constitution, laws, or treaties of the United States, "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The complaint must state a cause of action created by federal law or it must assert a state-law cause of action requiring the resolution of a substantial question of federal law." *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

## III. ANALYSIS

The Court is of the opinion that Defendant Inabata's Motion to Dismiss should be granted on the basis of collateral estoppel, as the Court previously dismissed claims against Defendant Inabata from *GESPA I* on the doctrine of *forum non conveniens*. The Court also determines that without Defendant Inabata as a party to the above-captioned cause, it lacks subject matter jurisdiction. Accordingly, the Court is of the opinion that Plaintiff's Motion to Remand should be granted.

### A. The Discretion of the Court to Address Pending Motions

As an initial matter, the Court determines that it may assess Defendant Inabata's Motion to Dismiss in conjunction with Plaintiff's Motion to Remand. The Supreme Court has held that a trial court has broad discretion to control proceedings before it, and may determine issues of *forum non conveniens* prior to subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436, 127 S. Ct. 1184, 1194, 167 L. Ed. 2d 15 (2007) ("[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court

properly takes the less burdensome course.") The Fifth Circuit has also held that a district court acts "within its discretion in deciding the issues of personal jurisdiction and *forum non conveniens* before that of subject-matter jurisdiction." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018).

Here, the Court assesses Defendant Inabata's Motion to Dismiss, which asserts collateral estoppel on the basis of *forum non conveniens*. It also assesses Plaintiff's Motion to Remand, based on an issue of subject matter jurisdiction. The Court is of the opinion that it properly acts within its discretion to decide the Motion to Dismiss prior to the Motion to Remand because it may determine an issue of *forum non conveniens* prior to an issue of subject matter jurisdiction.

## B. Collateral Estoppel on the Basis of *Forum Non Conveniens*

The Court concludes that Defendant Inabata meets its burden of demonstrating collateral estoppel as to the issue of *forum non conveniens*. The Court dismissed Plaintiff's claims against Defendant Inabata in *GESPA I* on the basis of *forum non conveniens*. Plaintiff may not relitigate the same *forum non conveniens* analysis here.

According to the Supreme Court, the elements of issue preclusion or collateral estoppel are those "set out in § 27 of the Restatement (Second) of Judgments." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1306 (2015). The Restatement provides that,

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Restatement (Second) of Judgments § 27 (1982).

The Fifth Circuit typically analyzes collateral estoppel in a three-part test:

> (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action.

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 397 (5th Cir. 2004).

Accordingly, the Court evaluates each aspect of the three-part test for collateral estoppel, as well as its relevant exceptions.

## 1. Identical Issue

The Court concludes that the *forum non conveniens* issue presented in *GESPA I* and the above-captioned cause are identical, barring relitigating *forum non conveniens*. In *GESPA I*, Defendant Inabata moved to dismiss Plaintiff's claims on the basis of *forum non*

*conveniens*, in order to enforce the forum selection clause in the Sales Agreement in favor of Germany. In the present action, Defendant Inabata once again seeks dismissal on these same grounds, seeking to enforce its forum selection clause in the Sales Agreement in favor of Germany. Therefore, a basic comparison of the issue of *forum non conveniens* in the two actions demonstrates that the two issues are identical. *C.f. Streber v. Hunter*, 221 F.3d 701, 724 (5th Cir. 2000) (declining to find issue preclusion because "the issue in the Tax Court case (who owed the tax) is different from the issue in this case (whether the lawyers' conduct was reasonable)").

### 2. Actually Litigated

The Court is of the opinion that Defendant Inabata and Plaintiff actually litigated the issue of *forum non conveniens* in *GESPA I*. In order to satisfy this "actually litigated" requirement, a party must show that "the issue is raised, contested by the parties, submitted for determination by the court, and determined." *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005). In *GESPA I*, Defendant Inabata moved to dismiss Plaintiff's claims on the basis of *forum non conveniens*. Plaintiff contested the application of the doctrine in its briefing, arguing that

fraudulent inducement precluded the Court from recognizing the parties' forum selection clause and applying *forum non conveniens*. The Court then determined the issue by granting Defendant Inabata's motion. Accordingly, the Court concludes the parties actually litigated the issue of *forum non conveniens*.

### 3. Necessary to the Judgment

The Court is also of the opinion that its dismissal of Defendant Inabata on the basis of *forum non conveniens* was a necessary part of the judgment in *GESPA I*. The Court dismissed Defendant Inabata from *GESPA I* as a result of a *forum non conveniens* analysis, holding that it would enforce Defendant Inabata's forum selection clause in favor of Germany. On the basis of this dismissal, the Court then entered a partial final judgment as to Defendant Inabata. Accordingly, the Court's determination of *forum non conveniens* in the prior action was necessary to its judgment.

### 4. Exceptions to Collateral Estoppel Doctrine

Furthermore, the Court assesses collateral estoppel in light of relevant exceptions to the doctrine, such as that a party may relitigate *forum non conveniens* in light of objective facts materially altering a

22

previous *forum non conveniens* determination. The Court recognizes that this exception is related to collateral estoppel's requirement for an "identical issue," in that it helps to delineate how far issue preclusion extends from an initial *forum non conveniens* analysis. Ultimately, the Court is of the opinion that there are no objective facts materially altering *forum non conveniens* considerations here.

To relitigate *forum non conveniens* over a collateral estoppel defense, the Fifth Circuit has held that a Plaintiff "must show objective facts relevant to the issue that materially alter the considerations underlying the previous resolution." *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 314 (5th Cir. 1987) *rev'd on other grounds*, 486 U.S. 140 (1988). *See also Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1498 (5th Cir.1993) (abrogated on other grounds) (quoting *Chick Kam Choo*, 817 F.2d at 314).

In order for this exception to apply, pursuant to ordinary collateral estoppel principles, these objective facts must have changed since the prior action. *See Test Masters*, 428 F.3d at 576 (barring relitigating because party "has not alleged a significant intervening factual change."). Therefore, raising facts which existed at the time of

the prior action does not provide grounds for relitigating, as "[i]t is reasonable to require [a party] to bring forward all evidence in support of [its argument] in the initial proceeding." *Simmons v. Small Bus. Admin.*, 475 F.3d 1372, 1374 (Fed. Cir. 2007) (quoting Restatement (Second) of Judgments § 27 (1982)).

Plaintiff alleges in the above-captioned cause that "[e]ach of the Defendants have taken the position that a dispute with them should be resolved in a separate forum," and that several Defendants have conflicting forum selection clauses. Mot. Dismiss Resp. 2, 4. It also alleges it "recently discovered that . . . statements by Inabata were false" which induced Plaintiff to accept a forum selection clause in favor of Germany. *Id.* at 8. The Court is of the opinion that these facts are not new, objective facts which materially alter the Court's prior determination of *forum non conveniens.*

a. Defendants' preferences for different litigation forums are not new, objective facts materially altering the Court's *forum non conveniens* analysis.

First, the Court is of the opinion that Defendants' preferences for different forums are not new facts. In the absence of evidence to the contrary, the Court determines that Defendant MKG's forum selection

clause in favor of the Netherlands and Defendant Inabata' forum selection clause in favor of Germany have always existed in their current form, and did not change between *GESPA I* and the current action. The Court also determines that, in the absence of facts to the contrary, any facts which would weigh in favor of Defendant Flex requiring a forum in Texas and Defendant Recom requiring a forum outside the United States also have not changed since *GESPA I*.[5] A lack of an intervening factual changes weighs against allowing the parties to relitigate *forum non conveniens*. *See Test Masters*, 428 F.3d at 576 (barring relitigating because party "has not alleged a significant intervening factual change.").

In addition, while litigating *forum non conveniens* in *GESPA I*, Plaintiff could have used jurisdictional discovery to uncover Defendants' preferences for litigation in different forums. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). However, Plaintiff failed to properly use

---

[5] Plaintiff does not specify which facts lead it to the conclusion that Defendant Recom requires a forum outside of the United States and Defendant Flex requires a forum in Texas. *See generally* Mot. Dismiss Resp., at 2–4.

jurisdictional discovery to obtain these facts. Therefore, Plaintiff waived its ability to raise the facts in a subsequent proceeding in order to relitigate *forum non conveniens. See Simmons*, 475 F.3d at 1374 ("It is reasonable to require [a party] to bring forward all evidence in support of [its argument] in the initial proceeding.").

Second, even if the Court considered Defendants' conflicting forum selection clauses, these considerations would not materially alter the Court's determination of *forum non conveniens*. One possible method of analyzing multiple, separate forum selection clauses, advanced by Plaintiff, is through the test outlined by the Fifth Circuit in *In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014).

In *Rolls Royce*, Plaintiff filed suit against several corporations involved in the design, manufacture, and maintenance of a faulty helicopter. *Id.* at 674. Defendant Rolls-Royce moved to sever and remove claims against it to another judicial district on the basis of a valid forum selection clause. *Id.* The Circuit proposed the following test to assess whether severance and transfer was proper:

> First, pursuant to *Atlantic Marine,* the private factors of the parties who have signed a forum agreement must, as matter of law, cut in favor of severance and transfer to the contracted for forum. Second, the district court must consider the private factors

of the parties who have *not* signed a forum selection agreement as it would under a Rule 21 severance and section 1404 transfer analysis. Finally, it must ask whether this preliminary weighing is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit.

*Id.* at 681. The Court ultimately ruled in favor of severance and transfer, enforcing Defendant Rolls Royce's forum selection clause. *Id.* at 683.

The Court is of the opinion that *Rolls Royce* does not apply to the above-captioned cause. *Rolls Royce* provides a framework to analyze severance and transfer, not *forum non conveniens*. Plaintiff concedes that *Rolls Royce* is not directly applicable here, instead suggesting that its "logic shines light down the path for the case at bar." Mot. Dismiss Resp. 6. Accordingly, the Court is of the opinion that a case which is not directly applicable to *forum non conveniens* does not materially affect its analysis.

Furthermore, even if the Court applied *Rolls Royce* in the above-captioned cause, the Court is of the opinion that the case's legal test would not materially affect the Court's decision in *GESPA I* to enforce Defendant Inabata's forum selection clause in favor of Germany. Pursuant to *Rolls Royce*, Defendant Inabata and Plaintiff signing the

Sales Agreement containing the forum selection clause weighs in favor of enforcing the clause. There is also no evidence in the record that enforcing the forum-selection clause would prejudice the Defendants who did not sign the clause. Finally, the Court notes that three of the Defendants in the above-captioned cause are German business organizations. Thus, the Court is of the opinion that the judicial economy of having all claims decided in a single forum in the Western District of Texas does not outweigh the previous factors weighing in favor of enforcing the forum selection clause. Accordingly, the Court determines that a *Rolls Royce* analysis would not materially alter its prior determination of *forum non conveniens*.

Defendants' preferences for litigation in separate forums are not new facts which materially alter an analysis of *forum non conveniens*. Accordingly, the Court is of the opinion that it will collaterally estop Plaintiff from relitigating the Court's *forum non conveniens* analysis in *GESPA I*.

b. Defendants' alleged false statements inducing the Sales Agreement's forum selection clause are not new, objective facts which materially alter the Court's prior determination of *forum non conveniens.*

First, the Court concludes that Plaintiff's alleged facts related to fraudulent inducement are not new. In *GESPA I*, the Court already reviewed Defendants' representations that panels would pass inspection in Germany and meet a German quality assurance standard, and that Defendant Recom was a reliable German firm that would manufacture the panel. In addition, Plaintiff alleges that Mr. Nygart, its principle control person, stated to a representative of Defendant Inabata a preference for a forum in Denmark in August 1, 2016. Because this fact never changed between the prior action and the present action, and Plaintiff failed to raise it in the prior action, it cannot form the basis for relitigating *forum non conveniens*. *See Test Masters*, 428 F.3d at 576; *Simmons*, 475 F.3d at 1374.

Second, the Court concludes that Plaintiff does not allege objective facts regarding fraudulent inducement. Plaintiff alleges that if it had known Defendant Inabata made misrepresentations about the panels in 2016, it would have insisted on a forum selection clause in Denmark.

However, there is no tangible or objective evidence to substantiate this allegation, other than a declaration submitted by Mr. Nygart on September 18, 2019. The Court is of the opinion that a retrospective explanation of Mr. Nygart's thinking, submitted more than two years after the alleged misrepresentations of Defendant Inabata, without any other supporting evidence, does not represent an objective fact.

Furthermore, the Court is of the opinion that Mr. Nygart's assertion that Plaintiff preferred a forum selection clause in favor of Denmark may be a misrepresentation. Mr. Nygart submitted two declarations concerning his August 2016 meeting with a representative of Defendant Inabata, both in *GESPA I* and the above-captioned cause. In *GESPA I*, Mr. Nygart indicated that if he had known that Defendant Inabata's solar panels came from Mexico, he only would have agreed to a forum in Texas. In the above-captioned cause, Mr. Nygart asserts that if he had known in 2016 that that Defendant Inabata's panels were not from Germany, he only would have agreed to a forum selection clause in Denmark.[6] While recognizing slight differences between these

[6] The Court also notes that Mr. Nygart's declaration and Plaintiff's First Amended Complaint in the above-captioned cause indicate that the meeting related to these representations occurred at different times

two declarations, the Court is of the opinion that Mr. Nygart's statements lack consistency and may constitute a misrepresentation.

Accordingly, the Court will collaterally estop Plaintiff from relitigating *forum non conveniens* on the basis of facts which are not new or objective, and may include misrepresentations.

### C. Remand for Lack of Federal Jurisdiction

The Court next considers Plaintiff's Motion to Remand. The Court recognizes that remand raises significant federalism concerns and is mindful that "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Proc. 12(h)(3). Thus, after dismissing Defendant Inabata from the case, the Court is of the opinion that Plaintiff's Motion to Remand should be granted given a lack of subject matter jurisdiction.

Defendant Inabata contends in its Notice of Removal that the Court has subject matter jurisdiction based solely on federal question

---

and with different persons. *Compare* First Am. Compl. 13, Aug. 21, 2019, ECF No. 22 (providing that on or about August 1, 2016, Mr. Nygart stated to Katzuto Oishi that Plaintiff wanted to have "all dispute[s] resolved in Denmark.") *and* Decl. Morton Nygart 1, Sept. 23, 2019, ECF No. 29 (stating that Mr. Nygart met with Tada Toyotomi on August 24, 2016, and indicated he "wanted the forum selection clause to have all disputes resolved in Denmark.").

jurisdiction. The Notice of Removal indicates there is federal question jurisdiction because "GESPA expressly alleges violations of § 1962(c) of [RICO] . . . which provides a private right of action in 18 U.S.C. § 1964(c)." Notice Removal 2.

However, the Court dismisses the claims pled against Defendant Inabata, including the federal RICO claims. The only other claims in the above-captioned cause include Plaintiff's state law claims pled against Defendants Recom, MKG, and Flex. None of these state law claims plead a federal cause of action, nor do they require the resolution of a substantial federal issue on the face of the complaint. Accordingly, the Court is of the opinion that there is no federal question jurisdiction in the above-captioned cause. Furthermore, the Court has previously determined that there is no diversity jurisdiction over the cause. *See GESPA Nicaragua, S.A. v. Inabata Europe GmbH*, No. EP-17-CV-306-PRM, 2018 WL 6220175, at *8 (W.D. Tex. July 27, 2018) (finding no complete diversity when there is an alien Plaintiff and at least one alien Defendant).

Without federal jurisdiction over the above captioned cause, the Court is of the opinion that Plaintiff's Motion to Remand should be

granted. The Court remands the action in its current form, with Plaintiff pleading state law claims against Defendants MKG, Recom, and Flex, but without Defendant Inabata as a party or any claims alleged against Defendant Inabata.

## IV. CONCLUSION

The Court recognizes that the above-captioned cause is complex. However, the parties have already litigated dismissing Defendant Inabata from the cause on the basis of *forum non conveniens*. Accordingly, the Court concludes that it should collaterally estop Plaintiff from asserting claims against Defendant Inabata. Furthermore, the Court concludes it should remand the case to state court, as Plaintiff no longer alleges federal claims against Defendant Inabata.

Accordingly, **IT IS ORDERED** that Defendant Inabata Europe Gmbh's "Motion to Dismiss" (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendant Inabata Europe Gmbh shall be dismissed, and the clerk shall enter partial final judgment as to Defendant Inabata Europe Gmbh.

**IT IS FURTHER ORDERED** that Plaintiff GESPA Nicaragua, S.A.'s "Motion to Remand to State Court" (ECF No. 12) is **GRANTED** and the above-captioned cause is **REMANDED** to the 120th District Court of El Paso County, Texas, under Cause Number 2018-DCV-4112.

**IT IS FINALLY ORDERED** that all pending motions are denied as moot.

SIGNED this _30th_ day of **December, 2019**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE